UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

# 05  11613 REK CIVIL ACTION NO.:

MAGISTRATE JUDGE _Dein_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WILLIAM DECOLOGERO,
        Plaintiff

v.

HARTFORD LIFE INSURANCE COMPANY
        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

    This case is brought pursuant to the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.,* and involves a claim to recover benefits due under an employee benefit plan and to enforce rights under the terms of the plan. 29 U.S..C. § 1132(e)(1).

## COMPLAINT

1.    The plaintiff, William Decologero, is a citizen of the Commonwealth of Massachusetts residing at 26 Chapin Avenue, North Andover, Massachusetts.

2.    The defendant Hartford Life Insurance Co. (hereinafter "The Hartford") is a corporation doing business in Massachusetts with a principal place of business in Hartford, Connecticut.

3.    This Court has jurisdiction under 29 U.S.C. § 1132(e)(1).

4.    The Hartford is the underwriter for a disability insurance policy held by Trustees of the Educational Profession of America Group Insurance Trust, policy number AGP 5062 issued effective December 1, 1999 (hereinafter "the Policy").

5.    The Policy is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461(hereinafter "ERISA").

6.     The Hartford is the Plan Administrator for the Policy.

7.     Tony D Italian Steak House was a policyholder as a member of the Trustees of the
       Educational Profession of America Group Insurance Trust.

8.     Mr. Decologero was employed by Tony D Italian Steak House and as such was an an
       Eligible Person as defined by the Policy.

9.     Mr. Decologero became injured on May 17, 2000.

10.    Mr. Decologero applied for disability benefits in a timely fashion.

11.    The Policy provides that:

       With respect to Plans with a Maximum Benefit Period of two or more years, Total
       Disability means disability which:

       a.     During the Waiting Period and the first 24 months during which Total Disability
              Benefits are payable, wholly and continuously prevents an Insured Person from
              performing the substantial and material duties of his or her usual occupation; and

       b.     Thereafter wholly and continuously prevents an Insured person from engaging in
              any an every occupation or employment for which he or she is reasonably suited
              by training, education or experience.

       The policy also states that the period of Total Disability must require regular care of a
       physician.

12.    The purpose of the Disability Policy is to provide income replacement when an employee
       is disabled.

13.    The Hartford was responsible for determining whether Mr. Decologero was eligible for
       disability benefits based on a review of all pertinent information.

14.    On August 16, 2000, The Hartford notified Plaintiff that his claim for disability benefits
       was approved.

15.    On August 20, 2001, The Hartford notified Plaintiff that his claim for disability benefits
       was terminated effective September 21, 2000.

16.    On October 15, 2001, Mr. Decologero pursued his administrative remedies by appealing
       The Hartford's decision to deny him past paid and further benefits .

17.    On November 28, 2001, The Hartford denied the Plaintiff's appeal.

                                             2

18.    The Hartford unreasonably relied upon its "investigation" without interviewing Mr. Decologero or verifying its "facts".

19.    The Hartford never requested an independent medical examination of plaintiff.

20.    Mr. Decologero exhausted his administrative remedies.

21.    Due to his medical condition, Mr. Decologero cannot work.

22.    Mr. Decologero has been unable to work at his regular job since May 17, 2000.

23.    Mr. Decologero has been and continues to be unable to perform the essential functions of his job.

24.    The Policy's monthly disability benefit equaled the lesser of: 70% of the pre-disability monthly income or a flat benefit of $3,000.00 per month.

25.    Mr. Decologero has been unable to perform any job since May 17, 2000.

## COUNT I. ERISA VIOLATION

26.    Plaintiff incorporates by reference his allegations in paragraphs 1 through 25 above.

27.    The Hartford abused its discretion in terminating Mr. Decolgero's disability benefits.

28.    The Hartford's decision to terminate Mr. Decologero's disability benefits was arbitrary and capricious in light of the information known and/or available to The Hartford at the time it made its decision.

29.    The Hartford violated ERISA by terminating Mr. Decolgero's disability benefits.

30.    Mr. Decologero has suffered and continues to suffer damages including lost benefits due to The Hartford's ERISA violations.

## COUNT II. ERISA VIOLATION

31.    Plaintiff incorporates by reference his allegations in paragraphs 1 through 25 above.

32.    The Hartford did not conduct a full and fair review of Mr. Decologero's claim and/or appeal.

33.    The Hartford violated ERISA by denying Mr. Decologero's appeal.

3

34.    Mr. Decologero has suffered and continues to suffer damages including lost benefits due to The Hartford's ERISA violations.

WHEREFORE, the Plaintiff demands:

1.    Judgment against the Defendant The Hartford for compensatory damages and special damages;

2.    Specific performance by The Hartford of the Long Term Disability insurance policy applicable in this matter;

3.    A determination that the monies owed as set forth above are due together with interest;

4.    Attorney's fees;

5.    Costs;

6.    Interest; and

7.    Any and all other relief available and deemed meet and just by the Court.


                                        William Decologero
                                        By his Attorney,



                                        Cheri L. Crow, Esq.  BBO #106830
                                        23 Walkers Brook Drive
                                        Reading, MA  01867
                                        (781) 944-8470

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.    **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**___William Decologero___
v. Hartford Life Insurance Co.

2.    **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 8(a)).**

       ___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

       _X_    II.   195, 368, 400, 440, 441-444, 540, 550,
                    625, 710, 720, 730, 740, 790,791, 820, 830,
                    840, 850, 890, 892-894, 895, 950.

       ___    III.  110, 120, 130, 140, 151, 190, 210, 230,
                    240, 245, 290, 310, 315, 320, 330, 340,
                    345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

       ___    IV.   220, 422, 423, 430, 460, 510, 530, 610,
                    620, 630, 640, 650, 660, 690, 810, 861-865,
                    870, 871, 875, 900.

       ___    V.    150, 152, 153.

3.    **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 8(e)).**

       ___None___

4.    **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**_____No_____

5.    **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?**__No__
       **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)**

6.    **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**__No__

7.    **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c).  YES**_____No_____
       **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE LOCAL RULE 8(d).  YES**____No____

8.    **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES**__No__
       **(a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?**_____

9.    **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?**__Eastern__

10.   **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION**_____ **OR WESTERN SECTION**_____

| (PLEASE TYPE OR PRINT) | |
|---|---|
| ATTORNEY'S NAME | Cheri L. Crow, Esq. |
| ADDRESS | 23 Walkers Brook Drive |
| TELEPHONE NO. | Reading, MA 01867 |

(COVER.SHT-09/89)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

William Decologero

## DEFENDANTS

Hartford Life Insurance Co.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cheri L. Crow, Esq
23 Walkers Brook Drive
Reading, MA  01867

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Claim to recover benefits due under an employee benefit plan and to enforce rights under the terms of the plan pursuant to 29 U.S.C. § 1132 (e) (1).

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

(nature of suit checklist — X☒ 791 Empl. Ret. Inc. Security Act)

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 144,000.00
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

None

DATE August 1, 2005    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT