UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM DECOLOGERO,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )   CIVIL ACTION NO:  11613 REK<br>HARTFORD LIFE INSURANCE   )<br>COMPANY,   )<br>   )<br>   Defendant.   )<br>   ) |  |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Hartford Life Insurance Company ("The Hartford"), responds as follows to Plaintiff's Complaint:

1.      The Hartford is without knowledge or information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.      The Hartford admits that it is a corporation with its principle place of business in Hartford, Connecticut, and that it is authorized to engage in the insurance business in the Commonwealth of Massachusetts.

3.      The Hartford admits that jurisdiction is proper under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, as amended.

4.      The Hartford denies the allegations set forth in Paragraph 4 of Plaintiff's

Complaint as stated. The Hartford admits only that it issued Policy number AGP 5062 to the Trustees of the Educational Profession of America Group Insurance Trust (the "Policy").

5. The Hartford admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint as the Policy is governed by ERISA.

6. The Hartford denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. The Hartford is without knowledge or information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint as stated

8. The Hartford is without knowledge or information to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint. However, to the extent that any allegations of wrongdoing, breach of contract or breach of fiduciary duty are alleged against The Hartford, those allegations are denied.

9. The Hartford is without knowledge or information to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The Hartford admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. The Hartford states that the Policy speaks for itself. However, to the extent that any allegations of wrongdoing, breach of contract or breach of fiduciary duty are alleged against The Hartford, those allegations are denied.

12. The Hartford states that the Policy speaks for itself. However, to the extent that any allegations of wrongdoing, breach of contract or breach of fiduciary duty are alleged against The Hartford, those allegations are denied.

13. The Hartford admits the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. The Hartford states that the Notification speaks for itself. However, to the extent that any allegations of wrongdoing, breach of contract or breach of fiduciary duty are alleged against The Hartford, those allegations are denied.

15. The Hartford states that the Notification speaks for itself. However, to the extent that any allegations of wrongdoing, breach of contract or breach of fiduciary duty are alleged against The Hartford, those allegations are denied.

16. The Hartford admits that Plaintiff appealed the decision to terminate benefits.

17. The Hartford states that the Notification speaks for itself.

18. The Hartford denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. The Hartford denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint as stated. The Hartford specifically denies that the denial of benefits was based upon an "unreasonable" investigation, and denies that any specific interview was required under the terms and conditions of the Policy.

20. The Hartford admits that Plaintiff the decision.

21. The Hartford denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. The Hartford denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. The Hartford denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. The Hartford states that the Policy speaks for itself and denies the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint as stated.

25. The Hartford denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

## COUNT I: ERISA VIOLATION

26. The Hartford hereby incorporates by reference each and every answer to Plaintiff's allegations set forth in Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27. The Hartford denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. The Hartford denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. The Hartford denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. The Hartford denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

## COUNT II: ERISA VIOLATION

31. The Hartford hereby incorporates by reference each and every answer to Plaintiff's allegations set forth in Paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32. The Hartford denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. The Hartford denies the allegations set forth in Paragraph 33 of Plaintiff's

Complaint.

34.  The Hartford denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Trustess of the Educational Profession of America Group Insurance Trust, ("Policy") is a qualified employee benefit plan governed by the Employee Retirement Income Security Act of 1974, As Amended ("ERISA"), 29 U.S.C., §§1001-1461, *et seq.* As such, Plaintiff's demand for relief improperly seeks damages beyond the scope of what is allowed under ERISA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA's exclusive remedy provisions, 29 U.S.C. §1132, as Plaintiff's claims are governed by ERISA. In particular, ERISA does not allow for extra-contractual or compensatory damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy certain conditions precedent and subsequent required in order for her to maintain an action for benefits under the Policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed because she failed to demonstrate her continued eligibility for LTD benefits under the terms and conditions of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to identify any conduct on the part of Defendant that is prohibited by statute, common law, or agreement of the parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under ERISA's exclusive remedial mechanism.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant discharged its duties with respect to the Policy in the interest of the Policy participants and their beneficiaries, and, in doing so, acted in accordance with the documents and instruments governing the Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for benefits are barred by the plain and unambiguous terms of the Policy.

### NINTH AFFIRMATIVE DEFENSE

Defendant had a reasonable basis to deny Plaintiff's claim, and Plaintiff's claims are barred because the benefit determination was not arbitrary, capricious, or unreasonable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant owed no duty to the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable limitations period.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Hartford reserves the right to offset or collect on monies owed on any overpayment to Plaintiff.

## ADDITIONAL AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during this litigation in this case and hereby reserves the right to amend its answer to assert any such additional defenses.

Defendant,

**HARTFORD LIFE INSURANCE COMPANY,**

By Its Attorneys,

_____
James J. Ciapciak, Esq: BBO #: 552328
*CIAPCIAK & ASSOCIATES, P.C.*
99 Access Road
Norwood, MA 02062
Tel: (781) 255-7401
Fax: (781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on October 11, 2005.

_____
James J. Ciapciak