UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DECOLOGERO, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO: 11613 REK |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P 12(b)(6) OR, IN THE ALTERNATIVE, DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56**

### I.     INTRODUCTION

Defendant, Hartford Life Insurance Company (hereinafter "Hartford"), hereby moves for Dismissal or Summary Judgment based upon the applicable statutes of limitations and the contractual limitations of claims based upon the facts in the Plaintiff's Complaint.

### II.     RELEVANT FACTS

Hartford issued a disability policy of insurance to the Trustees of the Educational Profession of America Group Insurance Trust under Policy number 83AGP005062, subject to Forms and Riders, including, but not limited to Forms SRP-1311 V (5062) and SRP-1311 V (Cont.)(5062). The policy period was from December 1, 1999 to the anniversary date of December 1st of each year beginning in the year 2000. [See Hartford Life Insurance Company

Policy Number 83AGP005062, (hereinafter the "Policy"), a copy of which is attached hereto and marked as "Exhibit 1"].

Plaintiff claims in his Complaint that during the Policy effective dates, Tony D Italian Steak House was a holder of the Policy as a member of the Trustees of the Educational Profession of America Group Insurance Trust. [See Plaintiff's Complaint, ¶¶8 and 9, a copy of which is attached hereto and marked as "Exhibit 2"]. In addition, Plaintiff alleges in his Complaint that he was employed with Tony D Italian Steak House during the Policy effective dates and, therefore, claims he was an "Eligible Person [for disability benefits] as defined by the Policy." [Exhibit 1].

The Policy issued by Hartford was subject to Form SRP-1311 V (5062), "**CLAIM PROVISIONS**," which states, in relevant part, as follows:

> **Proof of Loss:** Proof of loss must be sent to us in writing within 90 days after:
> a) the end of each month of our liability for periodic claims payment; or
> b) the date of the loss for all other claims

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (5062), p. 25]

The Policy issued by Hartford was also subject to Form SRP-1311 V (Cont.)(5062), "CLAIM PROVISIONS," which states, in relevant part, as follows:

> **Legal Actions:** Legal action cannot be taken against us:
> a) before 60 days following the date the proof of loss is sent to us;
> b) **after 3 years following the date that proof of loss is due.**

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (Cont.)(5062), p. 26](emphasis added).

On or about May 17, 2000, Plaintiff claims he injured himself while performing his duties as an employee of Tony D Italian Steak House. [Exhibit 1; See also Claim for Total Disability Benefits, Statement of Insured, signed by Plaintiff, a copy of which is attached hereto and marked as "Exhibit 3"]. On May 30, 2000, Plaintiff submitted to Hartford an Initial Claim

for Total Disability Benefits. [See Exhibit 1, ¶10; Exhibit 3]. On June 26, 2000, the treating physician for Plaintiff's May 17, 2000 injury, Dr. Weinstein, submitted an initial proof of loss on behalf of the Plaintiff. [See Long Term Disability Claim, Attending Physician's Statement of Disability, a copy of which is attached hereto and marked as "Exhibit 4"]. Plaintiff's Complaint alleges that on August 16, 2000, he was notified by Hartford that his claim for disability benefits was approved. [Exhibit 2, ¶14]. On August 20, 2001, Hartford forwarded correspondence to Plaintiff wherein it stated, in relevant part, that Plaintiff's claim for disability benefits was terminated effective September 20, 2000. [Exhibit 1, ¶15; See also August 21, 2001 correspondence from Kim Gabrielsen, Senior Investigative Analyst, Special Investigations Unit – Group Benefits Division, Hartford Life Insurance Company, a copy of which is attached hereto and marked as "Exhibit 5"]. In the August 20, 2001 correspondence [Exhibit 4], Hartford gave Plaintiff sixty days within which to appeal its termination of his disability benefits. On October 15, 2001, the Plaintiff, through counsel, forwarded correspondence to Hartford indicating his intent to appeal the decision to terminate long-term disability benefits. [Exhibit 1, ¶16; See also October 15, 2001 correspondence from Attorney Crow to Hartford, along with Letter of Representation and Authorization signed by Plaintiff, copies of which are collectively attached hereto and marked as "Exhibit 6"].

Plaintiff's October 15, 2001 appeal letter included some of the documentation requested in Hartford's August 20, 2001 termination of benefits letter [Exhibit 5, Exhibit 6 and Exhibit 7] and a request for a copy of the applicable policy and any and all documents from his claim file. [Exhibit 6]. In addition, Plaintiff's counsel requested an "enlargement of time" within which to "provide the written submission supporting [the Plaintiff's] appeal up to and including November 20, 2001," [Exhibit 5].

On October 23, 2001, Hartford acknowledged receipt of the Plaintiff's October 15, 2001 appeal and enlargement of time. [See October 23, 2001 correspondence from Diane Favreau, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 7"]. In addition, Hartford forwarded to Plaintiff's counsel the requested documentation, including the applicable Policy. [Exhibit 7].

On November 28, 2001, Hartford forwarded correspondence to Plaintiff's counsel whereby it stated, in part, that it would uphold its August 20, 2001 decision to terminate his disability benefits. [Exhibit 1, ¶17; See also November 28, 2001 correspondence from Diane Favreau, Specialist, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 8"]. Plaintiff has admitted in his Complaint that he "exhausted his administrative remedies." [Exhibit 1, ¶20].

On or about August 1, 2005, approximately **four years** after the termination of long-term disability benefits, and three years and eight months after the denial of the appeal, Plaintiff filed a Complaint in The United States District Court, Eastern District of Massachusetts against Hartford. Plaintiff claims Hartford's acts and/or omission were violations of ERISA.

Here, the facts presented in Plaintiff's Complaint are enough to grant dismissal to the Defendant based upon the clear state of limitation language within the Policy.

## II. ARGUMENT

### A. Hartford's Motion to Dismiss Pursuant To F.R.C.P. 12(b)(6) Is Appropriate As Plaintiff's Complaint Fails to State A Claim Upon Which Relief Can Be Granted.

Motions to dismiss pursuant to F.R.C.P. 12(b)(6) are appropriate when a Plaintiff fails to state a claim upon which relief may be granted. In reviewing motions to dismiss, the

"court accepts all well-pleaded factual assertions as true and draws all reasonable inferences from those assertions in plaintiff's favor." See Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997). "The Court of Appeals for the First Circuit has ruled that 'granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." Alcorn v. Raytheon Company and Metropolitan Property & Casualty Insurance Company, 175 F.Supp.2d 117, 123 (2001)(copy attached); LaChapelle v. Berkshire Life Insurance Company, 142 F.3d 507, 509 (1st Cir. 1998).

**OR IN THE ALTERNATIVE**

**B.     Summary Judgment Is Appropriate As There Are No Genuine Issues of Material Fact and, Therefore, The Hartford Is Entitled To Judgment As A Matter of Law**

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). "When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial, there can no longer be a genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, 115 S. Ct. 1958 (1995)(citation omitted).

Summary judgment is not "a disfavored procedural shortcut"; rather, it is an integral part of the judicial process "designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)(quoting Fed. F. Civ. P. 1); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

When, as in the present case, there is no genuine issue of material fact, summary judgment should be granted to the Defendant, as the moving party, to promote judicial economy. Here, the facts presented by Plaintiff's Complaint and the Policy, as well as the undisputed facts in the Affidavit of Diane Favreau, are more than sufficient to grant Defendant summary judgment.

### C. The ERISA Counts Contained Within Plaintiff's Complaint Against Hartford are Barred Pursuant to the Three-Year Limitation of Action Period Contained Within the Policy.

The three-year limitation of action period contained within the Policy precludes the Plaintiff's recovery in this action because he failed to bring suit against Hartford within three years following **any** of these key dates: 1) August 15, 2000, which is the date the initial proof of loss was due; 2) August 20, 2001, which is the date Hartford terminated the Plaintiff's disability benefits; 3) September 20, 2000, which is the date Hartford retroactively terminated the Plaintiff's benefits, resulting in an overpayment; and 4) November 28, 2001, which is the date Hartford denied the Plaintiff's appeal. Hartford forwarded a copy of the Policy that contained the limitation of action period language on October 23, 2001.

The Policy was subject to Form SRP-1311 V (5062), "CLAIM PROVISIONS," which states, in relevant part, that:

> **Proof of Loss:** Proof of loss must be sent to us in writing within 90 days after:
> a) the end of each month of our liability for periodic claims payment; or
> b) the date of the loss for all other claims

[See Exhibit 1]

The Policy issued by Hartford was also subject to Form SRP-1311 V (Cont.)(5062), "**CLAIM PROVISIONS,**" which states, in relevant part, as follows:

> **Legal Actions:** Legal action cannot be taken against us:
> a) before 60 days following the date the proof of loss is sent to us;

- 6 -

        b) after 3 years following the date that proof of loss is due.

[See Exhibit 1].

### 1.     Reasonableness of the Policy's Three-Year Limitation of Action Period

ERISA contains no statute of limitations within which to file suits to recover for benefits. Alcorn v. Raytheon Company and Metropolitan Property & Casualty Insurance Company, 175 F.Supp.2d 117, 120 (D. Mass. 2001); Salcedo v. John Hancock Mutual Life Insurance Co., 38 F. Supp. 2d 37, 40 (D. Mass. 1998); Doe v. Blue Cross & Blue Shield, 112 F.3d 869, 873 (7th Cir. 1997)(copy attached). Usually, an ERISA claim for disability benefits is governed by a state's statute of limitations related to contract actions. Alcorn, 175 F. Supp. at 120-121; Doe, 112 F.3d at 873. In Massachusetts, "the contracting parties may agree upon a shorter limitations period as long as it is reasonable." I.V. Services of America v. Inn Development & Management, 7 F. Supp. 2d 79, 87 (D.Mass. 1998) (citing Hays v. Mobil Oil Corp., 930 F.2d 96, 100 (1st Cir. 1991)), aff'd, 182 F.3d 51 (1st Cir. 1999). "[T]he dominant view in contract law is that contractual limitations periods shorter than the statue of limitations are permissible, provided they are reasonable." Doe, 112 F.3d at 874. Time periods ranging from ninety days to thirty-nine months (3.25 years) have been considered by the courts as a reasonable period of time in which to file lawsuits. Alcorn, 175 F. Supp. at 121. The three-year limitation of action period contained within insurance benefits plans, including disability policies, has been upheld and enforced by the courts. See Alcorn v. Raytheon Company and Metropolitan Property & Casualty Insurance Company, 175 F.Supp.2d 117, 122 (D. Mass. 2001)(three year limitation of action period is reasonable); Doe v. Blue Cross & Blue Shield, 112 F.3d 869, 873 (7th Cir. 1997)(39 months from the date benefits for services were sought is reasonable); Northlake Regional

Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301, 1304 (11th Cir. 1998)(90 day period was reasonable for case at hand); I.V. Services of America v. Inn Development & Management, 7 F. Supp. 2d 79, 87 (D.Mass. 1998)(three years reasonable amount of time in which to file suit).

In Alcorn, your Honor upheld the validity of a three year limitation of action period where the insured brought an ERISA suit claiming her employer improperly withheld benefits under the policy at issue after she allegedly became disabled and unable to work. Alcorn, 175 F. Supp. at 117. Prior to her injury, the employer enrolled the employee in an insurance disability benefits policy that included a three-year limitation of action period. Id. After filing suit, the employer and insurer filed a motion to dismiss on the grounds that the employee failed to bring suit within the three-year limitation of action period contained in the disability policy. Id. The employee opposed the motion and argued that the employer and the insurer used the disability policy's three-year limitation of action period to "curtail the Plaintiff's right to bring suit within 6 years, which is the Statute of Limitation in Massachusetts." Id. at 120. Your Honor held that the three-year limitation of action period was reasonable and governed the employee's claim for benefits. Id. at 122. The Alcorn Court found the Seventh Circuit's reasoning in Doe v. Blue Cross & Blue Shield, 112 F.3d 869, 874 (7th Cir. 1997) "for determining the reasonableness of a limitation period in a benefits plan [] persuasive" and applicable to the facts before it. Id. at 124. In Doe, the court agreed with the dominant view in contract law that the contractual limitation period may be shorter than the statute of limitation in which the suit is filed because it is "consistent with the principle of party autonomy that underlies the law of contracts, and that it should be applicable to ERISA plans." Id. at 874. Using the Seventh Circuit's analysis, the Alcorn Court held that the three-year limitation of action period contained within the disability

policy in question was reasonable and governed the plaintiff's claim for benefits, thereby requiring the plaintiff to file suit within three years after the expiration of time under the disability policy to file proofs of loss. Id. at 122.

Pursuant to the holding in Alcorn, the subject Policy's three-year limitation of action period is reasonable and governs the Plaintiff's claim for benefits. The Plaintiff's date of loss was May 17, 2000. [Exhibits 2 and 3]. The initial proof of loss was due 90 days after the date of loss, which would have been August 15, 2000. [Exhibit 1]. According to the three-year limitation of action period, the suit needed to be filed by August 15, 2003. <u>Suit was not filed until August 1, 2005, almost two years after the three-year limitation of action period expired.</u> Therefore, Hartford's Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim Pursuant to F.R.C.P 12(b)(6) or, in the alternative, Hartford's Motion for Summary Judgment should be allowed.

2. **Despite The Four Events that Could Have Triggered the Accrual of The Plaintiff's Claim, The ERISA Suit Was Still Not Filed Within The Policy's Three-Year Limitation of Action Period, And, Therefore, Should Be Dismissed And/Or Hartford's Motion for Summary Judgment Should Be Granted.**

Different "triggering events" can be used to determine when the limitation period begins to accrue on a claim for benefits. Alcorn v. Raytheon Company and Metropolitan Property & Casualty Insurance Company, 175 F.Supp.2d 117, 122 (D. Mass. 2001); Doe v. Blue Cross & Blue Shield, 112 F.3d 869, 874 (7th Cir. 1997); Salcedo v. John Hancock Mutual Life Insurance Co., 38 F. Supp. 2d 37, 43 (D. Mass. 1998); Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301, 1304 (11th Cir. 1998). In Doe, the court held the triggering event was the first date of service for benefits, from which time the insured had ninety days to file a proof of loss and, from the date proof of loss was filed, no more than three years to file suit, thereby providing for a thirty-nine month limitation of action period. Doe, 112 F.3d at

872-873. The Salcedo court considered whether the most appropriate "triggering event" would be the initial denial of benefits or the denial of an appeal. Salcedo, 38 F. Supp. at 43. "[S]everal cases have reasoned that, because ERISA has been interpreted to include an administrative exhaustion requirement, no cause of action can arise until a claimant has completed the appeals process." Id. at 43. In Northlake, the court held the limitation of action period did not begin to run until the completion of the internal appeals process. Northlake, 160 F. 3d at 1304.

Although the defendants in Alcorn used the date that the plaintiff's appeal was denied as the triggering event for Alcorn's claim to accrue, they pointed out that at most there were three events that could have triggered the accrual of her claim for benefits, i.e., when "she no longer could submit proof of disability to MetLife," when "she first learned she had been harmed" or when "her administrative remedies were exhausted," and, that regardless of the triggering event selected, Alcorn's claim was still filed more than three years after all three events. Alcorn, 175 F. Supp. 2d at 122.

The facts and circumstances surrounding this case are most similar to those cited in Alcorn. Here, Plaintiff filed suit claiming his disability benefits were wrongfully terminated in violation of ERISA. [Exhibit 1]. The Policy language in this case is similar to the policy language in Alcorn with respect to the fact that they both had a three-year limitation of action period, with the exception that the subject Policy states, in part, that legal action cannot be taken after three years following the date the initial proof of loss is due. [Exhibit 1]. Similar to Alcorn, there are, at most, four events that triggered the accrual of the Plaintiff's claim: 1) the date the initial proof of loss was due (August 15, 2000); 2) the date Hartford terminated the Plaintiff's disability benefits (August 20, 2001); 3) the date Hartford used to retroactively terminate Plaintiff's disability benefits resulting in the overpayment (September 20, 2000); or 4)

the date Hartford denied the Plaintiff's appeal (November 28, 2001). The Policy states, in part, that the proof of loss is due 90 days after the date of loss. [Exhibit 1]. The date of Plaintiff's injury was May 17, 2000 and, therefore, the initial proof of loss was due on August 15, 2000 [Exhibits 2 and 3].

Using the first possible triggering event, the Plaintiff needed to file suit by August 15, 2003 to comply with the three-year limitation of action period. Suit was not filed until August 1, 2005, almost two years after the limitation of action period expired. [Exhibit 2]

The Plaintiff's disability benefits were terminated on August 20, 2001. [Exhibits 2 and 4]. Using the date of termination of benefits as the second possible triggering event, the Plaintiff needed to file suit by August 20, 2004. Suit was filed almost one year after the limitation of action period ended.

The Plaintiff's disability benefits were retroactively terminated on September 20, 2000, [Exhibits 1 and 4], which Hartford alleges resulted in an overpayment. [Exhibit 4]. Using the date of the retroactive termination of benefits as the third possible triggering event, the Plaintiff needed to file suit by September 20, 2003. Suit was filed over one year and ten months after the limitation of action period ended.

The Plaintiff's appeal was denied on November 28, 2001. [Exhibits 2 and 7]. Using the denial of the appeal as the third possible triggering event, the Plaintiff needed to file suit by November 28, 2004. Suit was filed over eight months after the limitation of action period expired. Like the claim for benefits in <u>Alcorn</u>, **this suit was brought more than three years after all four possible triggering events, as such, Plaintiff's claims are time-barred.**

### III. CONCLUSION

For the foregoing reasons, Hartford's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to F.R.C.P. 12 (b)(6) and, or in the alternative, Hartford's Motion for Summary Judgment should be granted.

WHEREFORE, the Defendant, Hartford Life Insurance Company respectfully requests that this Honorable Court grant its Motion to Dismiss and/or in the alternative its Motion for Summary Judgment as the three-year limitation of action period contained within the Policy precludes the Plaintiff's recovery in this action since he failed to bring suit against Hartford within three years following: 1) August 15, 2000, which is the date the initial proof of loss was due; 2) August 20, 2001, which is the date Hartford terminated the Plaintiff's disability benefits; 3) September 20, 2000, which is the date Hartford used to retroactively terminate the Plaintiff's benefits; and 4) November 28, 2001, which is the date Hartford denied the Plaintiff's appeal.

Defendant,
Hartford Life
Insurance Company,
By Its Attorneys,

James J. Ciapciak, BBO #: 552328
Nadine M. Bailey, BBO # 644493
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel: (781) 255-7401
Fax: (781) 255-7401

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on **Dec 15th** 2005, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

Nadine M. Bailey