UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DECOLOGERO, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO: 11613 REK |

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56**

I. **INTRODUCTION**

Defendant, Hartford Life Insurance Company (hereinafter "Hartford"), hereby states that the following facts are undisputed in this matter:

II. **RELEVANT FACTS**

1. Hartford issued a disability policy of insurance to the Trustees of the Educational Profession of America Group Insurance Trust under Policy number 83AGP005062, subject to Forms and Riders, including, but not limited to Forms SRP-1311 V (5062) and SRP-1311 V (Cont.)(5062). The policy period was from December 1, 1999 to the anniversary date of December 1st of each year beginning in the year 2000. [See Hartford Life Insurance Company Policy Number 83AGP005062, (hereinafter the "Policy"), a copy of which is attached hereto and marked as "Exhibit 1"].

2.	Plaintiff claims in his Complaint that during the Policy effective dates, Tony D Italian Steak House was a holder of the Policy as a member of the Trustees of the Educational Profession of America Group Insurance Trust. [See Plaintiff's Complaint, ¶¶8 and 9, a copy of which is attached hereto and marked as "Exhibit 2"].

3.	In addition, Plaintiff alleges in his Complaint that he was employed with Tony D Italian Steak House during the Policy effective dates and, therefore, claims he was an "Eligible Person [for disability benefits] as defined by the Policy." [Exhibit 1].

4.	The Policy issued by Hartford was subject to Form SRP-1311 V (5062), "**CLAIM PROVISIONS**," which states, in relevant part, as follows:

> **Proof of Loss:** Proof of loss must be sent to us in writing within 90 days after:
> a) the end of each month of our liability for periodic claims payment; or
> b) the date of the loss for all other claims

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (5062), p. 25]

5.	The Policy issued by Hartford was also subject to Form SRP-1311 V (Cont.)(5062), "**CLAIM PROVISIONS**," which states, in relevant part, as follows:

> **Legal Actions:** Legal action cannot be taken against us:
> a) before 60 days following the date the proof of loss is sent to us;
> b) **after 3 years following the date that proof of loss is due.**

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (Cont.)(5062), p. 26](emphasis added).

6.	On or about May 17, 2000, Plaintiff claims he injured himself while performing his duties as an employee of Tony D Italian Steak House. [Exhibit 1; See also Claim for Total Disability Benefits, Statement of Insured, signed by Plaintiff, a copy of which is attached hereto and marked as "Exhibit 3"].

7.	On May 30, 2000, Plaintiff submitted to Hartford an Initial Claim for Total Disability Benefits. [See Exhibit 1, ¶10; Exhibit 3].

8. On June 26, 2000, the treating physician for Plaintiff's May 17, 2000 injury, Dr. Weinstein, submitted an initial proof of loss on behalf of the Plaintiff. [See Long Term Disability Claim, Attending Physician's Statement of Disability, a copy of which is attached hereto and marked as "Exhibit 4"].

9. Plaintiff's Complaint alleges that on August 16, 2000, he was notified by Hartford that his claim for disability benefits was approved. [Exhibit 2, ¶14].

10. On August 20, 2001, Hartford forwarded correspondence to Plaintiff wherein it stated, in relevant part, that Plaintiff's claim for disability benefits was terminated effective September 20, 2000. [Exhibit 1, ¶15; See also August 21, 2001 correspondence from Kim Gabrielsen, Senior Investigative Analyst, Special Investigations Unit – Group Benefits Division, Hartford Life Insurance Company, a copy of which is attached hereto and marked as "Exhibit 5"].

11. In the August 20, 2001 correspondence [Exhibit 4], Hartford gave Plaintiff sixty days within which to appeal its termination of his disability benefits.

12. On October 15, 2001, the Plaintiff, through counsel, forwarded correspondence to Hartford indicating his intent to appeal the decision to terminate long-term disability benefits. [Exhibit 1, ¶16; See also October 15, 2001 correspondence from Attorney Crow to Hartford, along with Letter of Representation and Authorization signed by Plaintiff, copies of which are collectively attached hereto and marked as "Exhibit 6"].

13. Plaintiff's October 15, 2001 appeal letter included some of the documentation requested in Hartford's August 20, 2001 termination of benefits letter [Exhibit 5, Exhibit 6 and Exhibit 7] and a request for a copy of the applicable policy and any and all documents from his claim file. [Exhibit 6].

14.   In addition, Plaintiff's counsel requested an "enlargement of time" within which to "provide the written submission supporting [the Plaintiff's] appeal up to and including November 20, 2001," [Exhibit 5].

15.   On October 23, 2001, Hartford acknowledged receipt of the Plaintiff's October 15, 2001 appeal and enlargement of time. [See October 23, 2001 correspondence from Diane Favreau, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 7"].

16.   In addition, Hartford forwarded to Plaintiff's counsel the requested documentation, including the applicable Policy. [Exhibit 7].

17.   On November 28, 2001, Hartford forwarded correspondence to Plaintiff's counsel whereby it stated, in part, that it would uphold its August 20, 2001 decision to terminate his disability benefits. [Exhibit 1, ¶17; See also November 28, 2001 correspondence from Diane Favreau, Specialist, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 8"].

18.   Plaintiff has admitted in his Complaint that he "exhausted his administrative remedies." [Exhibit 1, ¶20].

19.   On or about August 1, 2005, approximately **four years** after the termination of long-term disability benefits, and three years and eight months after the denial of the appeal, Plaintiff filed a Complaint in The United States District Court, Eastern District of Massachusetts against Hartford.

20.    Plaintiff claims Hartford's acts and/or omission were violations of ERISA.

        Defendant,
        Hartford Life
        Insurance Company,
        By Its Attorneys,

*/s/ Nadine M. Bailey*
James J. Ciapciak, BBO #: 552328
Nadine M. Bailey, BBO # 644493
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
Tel: (781) 255-7401
Fax: (781) 255-7401

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on December 14, 2005.

*/s/ Nadine M. Bailey*
Nadine M. Bailey

- 5 -