UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DECOLOGERO,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO: 11613 REK |

### AFFIDAVIT OF DIANE FAVREAU IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Diane Favreau, being duly sworn, deposes and says the following:

1.   My name is Diane Favreau. I am over the age of eighteen years and am not suffering from any mental disability.

2.   The contents of this affidavit are based upon my personal knowledge.

3.   I am presently employed as a Specialist with Hartford Life Insurance Company at all relevant times. My job responsibilities included, but were not limited to, the monitoring of claims files, which included the creation and management of documents recording actions taken pursuant to a claim.

4.   I have reviewed the files and records that outline the claim history and administrative record regarding the Plaintiff's claim and I have personal knowledge of the documents and facts stated therein.

5.   Hartford Life Insurance issued a disability policy of insurance to the Trustees of the Educational Profession of America Group Insurance Trust under Policy number 83AGP005062, subject to Forms and Riders, including, but not limited to Forms SRP-1311 V (5062) and SRP-1311 V (Cont.)(5062).

6.  The policy period for Policy number 83AGP005062 was from December 1, 1999 to the anniversary date of December 1st of each year beginning in the year 2000. [See Hartford Life Insurance Company Policy Number 83AGP005062, (hereinafter the "Policy"), a copy of which is attached hereto and marked as "Exhibit 1"].

8.  Plaintiff alleges in his Complaint that he was employed with Tony D Italian Steak House during the Policy effective dates and, therefore, claims he was an "Eligible Person [for disability benefits] as defined by the Policy." [Exhibit 1].

9.  The Policy issued by Hartford Life Insurance Company was subject to Form SRP-1311 V (5062), "**CLAIM PROVISIONS**," which states, in relevant part, as follows:

> **Proof of Loss:** Proof of loss must be sent to us in writing within 90 days after:
> a) the end of each month of our liability for periodic claims payment; or
> b) the date of the loss for all other claims.

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (5062), p. 25]

10. The Policy issued by Hartford Life Insurance Company was also subject to Form SRP-1311 V (Cont.)(5062), "**CLAIM PROVISIONS**," which states, in relevant part, as follows:

> **Legal Actions:** Legal action cannot be taken against us:
> a) before 60 days following the date the proof of loss is sent to us;
> b) **after 3 years following the date that proof of loss is due.**

[See Exhibit 1, **CLAIM PROVISIONS**, Form SRP-1311 V (Cont.)(5062), p. 26](emphasis added).

11. On or about May 17, 2000, Plaintiff claims he injured himself while performing his duties as an employee of Tony D Italian Steak House. [Exhibit 1; See also Claim for Total Disability Benefits, Statement of Insured, signed by Plaintiff, a copy of which is attached hereto and marked as "Exhibit 3"].

12. On May 30, 2000, Plaintiff submitted to Hartford Life Insurance Company an Initial Claim for Total Disability Benefits. [See Exhibit 1, ¶10; Exhibit 3].

13. On August 20, 2001, Hartford Life Insurance Company forwarded correspondence to Plaintiff wherein it stated, in relevant part, that Plaintiff's claim for disability benefits was terminated effective September 20, 2000. [Exhibit 1, ¶15; See also August 21, 2001 correspondence from Kim Gabrielsen, Senior Investigative Analyst, Special Investigations Unit – Group Benefits Division, Hartford Life Insurance Company, a copy of which is attached hereto and marked as "Exhibit 4"]

14. In the August 20, 2001 correspondence [Exhibit 4], Hartford Life Insurance Company gave Plaintiff sixty days within which to appeal its termination of his disability benefits.

15. On October 15, 2001, the Plaintiff, through counsel, forwarded correspondence to Hartford Life Insurance Company indicating his intent to appeal the decision to terminate long-term disability benefits. [Exhibit 1, ¶16; See also October 15, 2001 correspondence from Attorney Crow to Hartford Life Insurance Company, along with Letter of Representation and Authorization signed by Plaintiff, copies of which are collectively attached hereto and marked as "Exhibit 5"].

16. Plaintiff's October 15, 2001 appeal letter included some of the documentation requested in Hartford Life Insurance Company's August 20, 2001 termination of benefits letter [Exhibit 4, Exhibit 5 and Exhibit 7].

17. In addition, Plaintiff's counsel requested an "enlargement of time" within which to "provide the written submission supporting [the Plaintiff's] appeal up to and including November 20, 2001," [Exhibit 5].

18. On October 23, 2001, Hartford Life Insurance Company acknowledged receipt of the Plaintiff's October 15, 2001 appeal and enlargement of time. [See October 23, 2001 correspondence from Diane Favreau, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 6"].

19. On November 28, 2001, Hartford Life Insurance Company forwarded correspondence to Plaintiff's counsel whereby it stated, in part, that it would uphold its August 20, 2001 decision to terminate his disability benefits. [Exhibit 1, ¶17; See also November 28, 2001 correspondence from Diane Favreau, Specialist, Hartford Life Insurance Company to Attorney Crow, a copy of which is attached hereto and marked as "Exhibit 7"].

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ____TH DAY OF DECEMBER 2005

_____          12/13/2005
Diane Favreau                       Date
Hartford Life Insurance Company

Subscribed and sworn to before
this 13 day of Dec., 2005

_____
Notary Public
My Commission Expires:

_____
Notary Public
Date Commission Expires: 4/30/2010

3