UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11613-REK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                        \*
WILLIAM DECOLOGERO,                     \*
    Plaintiff                           \*
                                        \*
v.                                      \*
                                        \*
HARTFORD LIFE INSURANCE                 \*
    COMPANY,                            \*
    Defendant                           \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT"S
MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT**

Plaintiff William Decologero hereby submits this memorandum in opposition to Defendant Hartford Life Insurance Company's Motion to Dismiss/Motion for Summary Judgment in the above matter.

**STATEMENT OF MATERIAL FACTS**

For the purposes of this motion, Plaintiff accepts Defendant's Statement of Material Facts.

**ARGUMENT**

Defendant seeks to have Plaintiff's complaint dismissed for failure to bring suit within the Policy's purported three (3) year limitation of action period. As observed by Defendant, ERISA does not contain a stated limitations period within which suits to recover benefits must be

filed. As a result, ordinarily a statute of limitations of six (6) years applies to claims for benefits under an ERISA plan in Massachusetts. *Alcorn v. Raytheon Company*, 175 F. Supp. 2d 117, 120-121 (D. Mass. 2001). Under this statute of limitations, Plaintiff's suit would not be time barred and Defendant does not claim otherwise.

Instead, Defendant's motion to dismiss/motion for summary judgment is anchored on the contractual limitations period of three (3) years contained in the disability policy at issue in this case. If this limitations period does not apply, then Defendant's motion must be denied.

It is Plaintiff's position that the contractual limitations period does not apply for the reasons set forth below.

### PLAINTIFF IS NOT A CONTRACTING PARTY AND NOT BOUND BY THE CONTRACTUAL LIMITATIONS PERIOD

Defendant issued a disability polity of insurance to the Trustees of the Educational Profession of America Group Insurance Trust ("the Policy"). Defendant's Statement of Undisputed Facts ¶ 1. Thus, the Trustees of the Education Profession of America Group Insurance Trust was the Policyholder. One hundred and fifteen (115) organizations were Participating Organizations under the Policy. See Affidavit of Diane Favreau ("Favreau Affidavit") at Exhibit 1 at pages 11-13. Tony D's Italian Steak House was a member of one of these Participating Organizations and as such its employees were third party beneficiaries under the Policy. Plaintiff's Complaint ¶ 8. Plaintiff was an employee of Tony D's Italian Steak House during the Policy's effective dates and as such was an "Eligible Person as defined by the Policy." Plaintiff's Complaint ¶ 8.

The United States Supreme Court has recognized that "(a) provision in a contract may validly limit it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit **between the parties**, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *United Commercial Travelers v.*

2

*Wolfe*, 331 U.S. 586, 608 (1947)(emphasis added). This Court has recognized that the "contracting parties may agree upon a shorter limitations period as long as it is reasonable." *Alcorn v. Raytheon Company*, 175 F. Supp. 2d 117, 121 (D. Mass. 2001).

Parties to a contract are those with whom the contract is actually made or entered into. Black's Law Dictionary ("Parties and Privies") (5th ed. 1979).

A contracting party may stipulate a benefit for a third person called a third party beneficiary. See Restatement (Second) of Contracts § 302(a) (1981); *Macksey v. Egan,* 36 Mass. App. Ct. 463, 468 (1994); *Solutia Inc. v. FMC Corporation*, 04 Civ 2842 (S.D.N.Y. March 29, 2005) at Loislaw (page 19). Where performance [of a promise] will benefit a person other than the promisee, that person is a beneficiary. Restatement (Second) of Contracts § 2 (1981). A third party beneficiary is one who is given rights under a contract to which that person is **NOT** a party. *Motorwport Engineering v. Maserati Spa*, 316 F.ed 26, 29 (1st Cir. 2002). 13 Williston, *Contracts* § 37:1 at 9-10 (4th ed. 2000). See also *Flattery v. Gregory*, 397 Mass. 146, 148 (1986).

As a third party beneficiary to the Policy, Plaintiff is governed by the substance of the Policy regarding the procedures and the benefits conferred but a limitations period is a matter of public policy which can be shortened but only by consenting contracting parties. The reason that contracting parties are allowed to alter certain terms otherwise governed by the law is that the parties choose to enter into the contract voluntarily under the terms negotiated. A contracting party is one who has a meaningful choice as to whether to enter into the contract under the terms offered.

Here Plaintiff seeks relief to redress an ERISA violation as a third-party beneficiary of the contract. 17 U.S.C. § 1132(a)(3). Plaintiff was in no position to negotiate the reduction of the limitations period in his position as a third party beneficiary. He did not have another alternative for disability insurance provided by his employer for him in his capacity as its employee.

3

In an analogous situation, in determining if a contract is unconscionable, courts looke to factors bearing on the relative bargaining position of the contracting parties. Since Plaintiff was not even a contracting party, he had no bargaining position as to the contractual limitations period.

Limitations periods are set as a matter of public policy by Congress or by state legislatures. Within the parameters of the law, contracting parties can create contracts and set the terms. Although the terms for areas in which the law does not set requirements as a matter of public policy such as procedures and rights and obligations should govern both the contracting parties and any third party beneficiaries, terms that affect areas that the law does set requirements as a matter of public policy should not be allowed to affect the rights of third party beneficiaries who had not choice or power in setting the contract terms.

The limitations period is an area in which contracting parties should not be able to reduce the time the law allows third party beneficiaries to bring actions. The legislature had good reasons for granting the time it has for contract cases. Plaintiff did not voluntarily choose and agree to this reduction. As a matter of public policy, the contractual limitations period should not apply to third party beneficiaries since they are not the contracting parties.

### THE POLICY LANGUAGE FAILS TO CREATE A SHORTER LIMITATIONS PERIOD

Defendant's Motion to Dismiss/Motion for Summary Judgment is anchored on the contractual limitations period set forth in the Policy. The United States District Court for the District of Massachusetts has already addressed essentially the same language governing the limitations period as that contained in the Policy at issue here and ruled that the contract language failed to set forth with reasonable clarity a limitation period that is shorter than the applicable statutory limitations period. See *Skipper v. Claims Services International*, 213 F. Supp. 2d 4, 9 (D.Mass. 2002).

4

In this case the Policy provides that:

Legal action cannot be taken against us:
    a) before 60 days following the date the proof of loss is sent to us;
    b) after 3 years following the date that proof of loss is due.

Favreau Affidavit Exhibit 1, Claim Provisions, Form SRP-1311V (Cont.)(5062) at page 26. In the *Skipper* case, the Policy provided that:

> No lawsuit may be brought to recover on this policy within 60 days after written proof of loss has been given as required by this policy. No such lawsuit may be brought after two years from the time written proof of loss is required to be given.

*Skipper,* supra at 5. In the *Skipper* case, the term "proof of loss" was defined nowhere in the policy. The only other mention of "proof of loss" in the policy stated:

> a. Proof of any loss must be given to Lincoln National within 90 days after a loss begins.
>
> b. If proof of any claim is not given within those 90 days, the claim will not be denied or reduced if that proof was given as soon as was reasonably possible.
>
> c. "Proof" as required in this subsection means proof satisfactory to Lincoln National.

*Id.* Similarly, in this case the term "proof of loss" is not defined in the Policy. The only other mention of "proof of loss" in the Policy states:

> Proof of Loss must be sent to us in writing within 90 days after:
>
> a) the end of each month of our liability for periodic claims payment; or
> b) the date of the loss for all other claims.

Favreau Affidavit Exhibit 1, Claims Provisions, Form SRP-1311 V (5062) at page 25.

In the *Skipper* case, Judge Ponsor declared that no reasonable person could determine what was intended by the phrase "two years from the time written proof of loss is required to be given." *Skipper*, supra at 6-7. In Skipper, the ERISA beneficiary had submitted his "proof of loss" and had his application for benefits approved and then after receiving benefits for a period of time had his benefits cut off. See *Skipper*, supra at 7. In this case, Plaintiff also submitted his

5

"proof of loss", had his application for benefits approved and then after receiving benefits for a period of time had his benefits cut off. See Defendant's Statement of Undisputed Facts ¶¶ 8-10.

The triggering date for the contractual limitations period ("following the date that proof of loss is due.") is ambiguous. See *Skipper*, supra at 7. Just as in the *Skipper* case, nothing in the Policy states when that date fell. It is well established in the First Circuit that ambiguous terms should be strictly construed against the insurer in the interpretation of ERISA-regulated insurance plans. *Hughes v. Boston Mutual Life Ins. Co.*, 26 F.3d 264, 268 (1st Cir. 1994).

In addition, nothing in the correspondence Plaintiff received from Defendant provided information regarding the triggering date for the contractual limitations period. See Favreau Affidavit Exhibits 5, 7, and 8.

In this case, Defendant attempts to argue that there are three (3) possible triggering events and that the latest must have been when Defendant issued its final denial letter. See Defendant's Memorandum. The insurer in the *Skipper* case took the same position. See *Skipper*, supra at 8-9. Defendant's position here suffers from the same three defects as existed in the *Skipper* case.

First, since the policy language establishing the limitations period makes no sense, the court should not "create" a limitation mechanism that is not there. Rather, the statutory limitations period should apply. See *Skipper*, supra at 9.

Next, Defendant could have and should have stated its intention that the contractual limitation period would begin running from the date of its final denial but it failed to do so. See *Skipper*, supra at 9.

Finally, the issue is not what date Plaintiff's the limitations period began to run under the Policy but rather what, if anything, the Policy says that might cut off Plaintiff's right to sue using the statutory limitations period. See *Skipper*, supra at 9. As the *Skipper* Court acknowledged, a limitations period without an unambiguous trigger cannot limit anything. Skipper, supra at 7.

Thus, the contractual limitations period language is ambiguous and must be construed against Defendant. When this is done, Defendant cannot rely on the contractual limitations period to limit Plaintiff's right to sue under the statutory limitations period of six (6) years.

CONCLUSION

For all of the reasons set forth above, this Court should deny Defendant's Motion to Dismiss/Motion for Summary Judgment.

Plaintiff
William Decologero
By his Attorney

/s/  Cheri L. Crow
_____
Cheri L. Crow, Esq.
BBO#106830
23 Walkers Brook Drive
Reading, MA   01867
(781) 944-8470
chericrow@attorneycrow.org

CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., counsel for Plaintiff William Decologero, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 20, 2006.

Nadine Bailey, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA   02062

/s/  Cheri L. Crow
_____
Cheri L. Crow, Esq.