UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11613-REK

```
**************************************
                                     *
WILLIAM DECOLOGERO,                  *
     Plaintiff                       *
                                     *
v.                                   *
                                     *
HARTFORD LIFE INSURANCE              *
     COMPANY,                        *
     Defendant                       *
                                     *
**************************************
```

PLAINTIFF'S MOTION FOR FINAL JUDGMENT UNDER RULE 54(b)

Plaintiff hereby moves that the Court enter final judgment on fewer than all claims in this action pursuant to Rule 54(b) for the reasons set forth below.

This case was brought by plaintiff against defendant pursuant to the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.,* and involves a claim to recover disability benefits due under an employee benefit plan and to enforce rights under the terms of the plan. 29 U.S.C. § 1132(e)(1). See Complaint. Defendant filed a counterclaim alleging that since it had retroactively terminated Plaintiff's claim for benefit, it had overpaid Plaintiff and was entitled to reimbursement. See Answer and Counterclaim.

Defendant filed a motion to dismiss/summary judgment claiming that Plaintiff's claims were barred by the policy's three year limitation period. On May 17, 2006, Senior Judge Robert E. Keeton who was handling the case at that time, entered an order granting Defendant Hartford Life Insurance Company's Motion to Dismiss/Summary Judgment. Judge Keeton also entered Final Judgment on that date. Thereafter Plaintiff's counsel filed a Notice of Appeal on June 15, 2006. The case began the appellate process. On July 21, 2006, the District Court reopened the case stating it had been closed in error since counterclaims were still pending. Thereafter, the Appeals Court dismissed Plaintiff's appeal because the judgment being appealed was not final.

Plaintiff now requests that this Court enter final judgment on the claims Plaintiff brought against Defendant based on the May 17, 2006 order entered by Judge Keeton so that Plaintiff can appeal that judgment at this time. Rule 54(b) allows the Court to enter final judgment as to one or more but fewer than all of the claims when there is no just reason for delay. In this case there is no just reason for delay and an immediate appeal of the issues raised by this judgment will materially advance the ultimate termination of this litigation.

An appeal at this time will reduce the steps in the litigation process. Appeal should be allowed at this time because the only remaining part of the case still pending is Defendant's counterclaims seeking reimbursement of benefit monies previously paid to Plaintiff. The facts that would be involved in addressing Plaintiff's claims that he was entitled to disability benefits and the benefits should not have been terminated are the same facts that will be involved in addressing Defendant's counterclaims. Plaintiff will be appealing the court's decision because it terminates his ability to proceed against Defendant. The only question is when will the appeal be heard, now or after Defendant's counterclaims based on the same subject matter as Plaintiff's

substantive case is decided. If Plaintiff's appeal is successful, the case will essentially be tried twice.

The issue on appeal is straightforward and does not involve a transcript. Thus, judicial economy and fairness to the Plaintiff will be served by allowing the appeal at this time. The Court's power to enter final judgment should be used when it will be an instrument for the improved administration of justice. See *Panichella v. Pennsylvania Railroad Co.,* 252 F.2d 452, 455 (3rd Cir. 1958). Typically, a court does not enter final judgment on less than all claims in order to avoid piecemeal appeals and litigation. See *Ivanov-McPhee v. Washington National Ins. Co.*, 719 F.2d 927, 928 (7th Cir. 1983). In this case, the Court will avoid piecemeal litigation by entering final judgment so the Appeals Court can make a final determination whether Plaintiff can proceed with his claims before this Court tries the defendant's counterclaim involving the same facts and issues.

The power to enter final judgment under Rule 54(b) should be used where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (1978). It would be a hardship for Plaintiff to have to try Defendant's counterclaims and then appeal the dismissal of Plaintiff's claims and then potentially try the case again if the appeal is successful.

Thus, there is no just reason for delay and a delay will actually create an unjust situation which can be avoided if the Court enters final judgment.

Therefore, Plaintiff requests that the Court enter final judgment so Plaintiff can appeal the

Court's decision and potentially avoid trying the same matter twice.

                                                             Plaintiff
                                                             William Decologero
                                                             By his Attorney

                                                           /s/ *Cheri L. Crow*
                                                           _____
                                                           Cheri L. Crow, Esq. BBO#106830
                                                           Law Office of Cheri L. Crow
                                                           Two Main Street
                                                           Suite 300
                                                           Stoneham, MA   02180
                                                           (781) 438-6400
                                                           chericrow@attorneycrow.org

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Cheri L. Crow, Esq. counsel fo Plaintiff William Decologero, hereby certify that on November 2, 2006, I conferred with Defendant's counsel and attempted in good faith to resolve or narrow the issues pursuant to Local Rule 7.1(A)(2).

                                                           /s/ *Cheri L. Crow*
                                                           _____
                                                           Cheri L. Crow, Esq.

## CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., counsel for Plaintiff William Decologero, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 10, 2006.

                                    James Ciapciak, Esq.
                                    Ciapciak & Associates, P.C.
                                    99 Access Road
                                    Norwood, MA   02062

                                                           /s/ *Cheri L. Crow*
                                                           _____
                                                           Cheri L. Crow, Esq.