UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11613-REK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
WILLIAM DECOLOGERO,                      \*
    Plaintiff                          \*
                                       \*
                                       \*
v.                                       \*
                                       \*
HARTFORD LIFE INSURANCE                  \*
    COMPANY,                           \*
    Defendant                          \*
                                       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED
MOTION TO LIFT STAY AND FOR NEW SCHEDULING ORDER

Plaintiff William Decologero hereby states his opposition to Defendant Hartford Life
Insurance Company's Renewed Motion to Lift the Stay on Discovery and For a New Scheduling
Order.

This case was brought by plaintiff against defendant pursuant to the Employee
Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.,* and involves a claim to recover
disability benefits due under an employee benefit plan and to enforce rights under the terms of
the plan.  29 U.S.C. § 1132(e)(1).  See Complaint.  Defendant filed a counterclaim alleging that
since it had retroactively terminated Plaintiff's claim for benefit, it had overpaid Plaintiff and was
entitled to reimbursement. See Answer and Counterclaim.

Defendant filed a motion to dismiss/summary judgment claiming that Plaintiff's claims were barred by the policy's three year limitation period. On May 17, 2006, Senior Judge Robert E. Keeton who was handling the case at that time, entered an order granting Defendant Hartford Life Insurance Company's Motion to Dismiss/Summary Judgment. Judge Keeton also entered Final Judgment on that date. Thereafter Plaintiff's counsel filed a Notice of Appeal on June 15, 2006. The case began the appellate process. On July 21, 2006, the District Court reopened the case stating it had been closed in error since counterclaims were still pending. Thereafter, the Appeals Court dismissed Plaintiff's appeal because the judgment being appealed was not final.

Plaintiff has not filed a motion asking this Court to enter final judgment so Plaintiff can appeal the Court's May 17, 2006 decision. This Court should not rule on Defendant's motion until after the Court determines if it will enter final judgment as requested by Plaintiff. If the Court does enter final judgment, then the Stay should remain in place while the appeal process is undertaken since the factual matters involved in Defendant's counterclaims will be the same as those involved in Plaintiff's claims.

Therefore, the Court should deny Defendant's Motion to Lift the Stay.

Plaintiff
William Decologero
By his Attorney


/s/  *Cheri L. Crow*

Cheri L. Crow, Esq. BBO#106830
Law Office of Cheri L. Crow
Two Main Street, Suite 300
Stoneham, MA   02180
(781) 438-6400
chericrow@attorneycrow.org


2

CERTIFICATE OF SERVICE


       I, Cheri L. Crow, Esq., counsel for Plaintiff William Decologero, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 10, 2006.


James Ciapciak, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA   02062


/s/  *Cheri L. Crow*

_____
Cheri L. Crow, Esq.