UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11613

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
WILLIAM DECOLOGERO,                                 \*
    Plaintiff/Defendant in Counterclaim   \*
                                            \*
v.                                                  \*
                                            \*
HARTFORD LIFE INSURANCE                             \*
    COMPANY,                                \*
    Defendant/Plaintiff in Counterclaim   \*
                                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### WILLIAM DECOLOGERO'S OPPOSITION TO HARTFORD LIFE INSURANCE COMPANY'S MOTION TO EXTEND THE TRACKING ORDER

Plaintiff/Defendant in Counterclaim William Decologero (hereinafter "Decologero") hereby states his opposition to Defendant/Plaintiff in Counterclaim Hartford Life Insurance Company's Motion to Extend the Tracking Order in the above matter.  As grounds for its opposition, Decologero states the following:

1. Decologero filed his complaint in this action on August 2, 2005 and Hartford Life Insurance Company (hereinafter "Hartford") filed its counterclaim on December 20, 2005.

2. On February 8, 2006, the Court granted Hartford's Motion to Stay Discovery.

3. On November 17, 2006, the Court granted Hartford's Motion to Lift the Stay on Discovery.

4. The parties filed a Joint Statement including a Pre-Trial Schedule on December 1, 2006 in which **both** parties set the **completion** of discovery deadline as April 16, 2007.

5. On December 11, 2007, the Court entered the Scheduling Order that all discovery be completed by April 16, 2007.

6. Hartford did not engage in **any** discovery until it sent a Notice of Deposition for Decologero on April 5, 2007 scheduling the deposition for Friday, April 13, 2007, just three (3) days before the discovery completion deadline. The notice was barely within the minimun time allowed to notice a party's deposition.

7. Plaintiff's counsel was unable to contact Plaintiff so on April 11, 2007, the parties agreed that the deposition would be taken after April 16, 2007 but that both parties would treat the deposition as having taken place on April 13, 2007.

8. Plaintiff's counsel specifically refused to extend the discovery completion deadline except as set forth above because on April 9, 2007, she received additional discovery requests from Hartford (interrogatories, requests for documents and requests for admissions) which could not be completed by the discovery completion deadline.

9. After comparing all pertinent schedules, on May 8, 2007 Decologero's deposition was scheduled for Tuesday, June 5, 2007 at 1:00 p.m. and took place on that date.

10. The Court should not extend the deadline for completing discovery as requested by Hartford. Hartford had from November 17, 2006 to April 16, 2007 to engage in discovery with Plaintiff and anyone else it wanted. It chose to do nothing until April 5, 2007, just over one (1) week before the deadline for completion of discovery.

11. Hartford claims it learned about the existence of Decologero's twin brother for the first time at Decologero's deposition on June 5, 2007. Decologero does not understand how this is possible since this information was disclosed to Hartford when Decologero appealed the termination of his disability benefits. A true and accurate copy of Decologero's November 16, 2001 appeal letter is attached hereto as Exhibit 1. Thus, Hartford had this information long before June 5, 2007.

12. In addition, Hartford's claim that it could not depose Decologero's twin brother due to the postponement of Decologero's deposition until after the discovery completion date is disingenuous and totally inaccurate. Even if Hartford had taken Decologero's deposition on its originally scheduled

        date, April 13, 2007, the discovery completion date was April 16, 2007. Hartford could not have subpoenaed Decologero's twin brother and taken his deposition between Friday, April 13, 2007 and Monday, April 16, 2007.

13. It is interesting to note that Hartford obtained summary judgment on Decologero's initial claim based on its defense that Decologero missed the filing deadline and it now seeks to avoid its obligation to meet its self imposed deadline.

14. Decologero is seeking a decision as soon as possible on Hartford's counterclaim so that it can continue to pursue his appeal of the decision dismissing his claim for disability benefits.

This motion is an attempt by Hartford to engage in extensive discovery (interrogatories, requests for admissions and requests for documents) from Plaintiff as well as the deposition of Decologero's twin brother. Hartford should not be allowed to sit back and do nothing for four and a half (4 ½) months and then decide it wants discovery after the deadline it agreed upon in the Pre-Trial Schedule it submitted along with Decologero.

The Court should deny Hartford's motion to extend the tracking order.

                                                   Plaintiff
                                                   William Decologero
                                                   By his Attorney

                                                 /s/   *Cheri L. Crow*
                                                 _____
                                                 Cheri L. Crow, Esq.
                                                 BBO#106830
                                                 Law Office of Cheri L. Crow
                                                 Two Main Street, Suite 300
                                                 Stoneham, MA  02180
                                                 (781) 438-6400
                                                 chericrow@attorneycrow.org

4

CERTIFICATE OF SERVICE

    I, Cheri L. Crow, Esq., counsel for Plaintiff/Defendant in Counterclaim William Decologero, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 31, 2006.

    James Ciapciak, Esq.
    Ciapciak & Associates, P.C.
    99 Access Road
    Norwood, MA   02062

    /s/  *Cheri L. Crow*
    _____
    Cheri L. Crow, Esq.

# EXHIBIT 1

# CHERI L. CROW, ESQ.
23 Walkers Brook Drive, Suite 40
Reading, Massachusetts 01867
(781) 944-8470
FAX (781) 944-8495

November 16, 2001

Veronica Carpenter
Investigative Analyst
Special Investigations Unit-Group Benefits Division
Hartford Life Insurance Company
P.O. Box 2999
Hartford, CT  06104-2999

RE:      Claimant:        William Decologero
            Policy Holder:   Trustees of the Educational Profession of America
                             Group Insurance Trust
            SSN:
            Policy Number:

Dear Ms. Carpenter:

       This letter constitutes Mr. Decologero's appeal of the termination of his benefits and the demand for repayment of monies previously paid to him by The Hartford.

       The Hartford observes that Mr. Decologero has not had the recommended surgery on this left shoulder. Mr. Decologero has been attempting to get approval from the worker's compensation insurer for the shoulder surgery but has not been successful to date. Mr. Decologero cannot afford to pay for the surgery by himself and cannot get a doctor to perform the operation until he can do so.

       Mr. Decologero disputes the conclusions reached by Dr. Berkowitz who was hired by the worker's compensation insurer. Both of his treating physicians, who are more familiar with the injuries, the symptoms, the treatment and Mr. Decologero as an individual, have found Mr. Decologero to be injured and disabled. Mr. Decologero's October MRI also showed objective demonstrable evidence of a physical injury which Dr. Kapasi has stated requires surgery. Mr. Decologero is willing to undergo an IME with a specialist in this area hired by The Hartford.

       The job description that you have relied upon does not accurately describe Mr. Decologero's job duties. He not only "managed" the restaurant but he, as is typically the case in the restaurant business and most small businesses, did everything that needed to be done. In

Veronica Carpenter
Hartford Life Insurance Company
November 16, 2001
Page 2

addition to those duties listed as a Restaurant Manager's duties, Mr. Decologero's job duties included cooking, cleaning, lifting, carrying food, liquor, dishes and other items, delivering heavy items, loading and unloading, lots of walking and running around and generally helping anywhere and everywhere as needed.  Most restaurants do not have the luxury of having someone who performs only those duties contained in the job description you rely on.  Mr. Decologero would be unable to get a job as a restaurant manager if he told them he was restricted in his ability to lift, carry, bend and walk and/or stand for long periods of time.  It is also very telling that his injury occurred when he fell off the dumpster because he was clearing off trash that had been placed on top of the dumpster.  Mr. Decologero needs to be able to be on his feet, walking, lifting, carrying, bending, etc. in order to do the job of managing a restaurant.  He cannot do so.

       Further, The Hartford itself states that a "light occupation" is defined as the ability to lift 20 pounds maximum with frequent lifting and/or carrying of objects weighing up to 10 pounds.  Mr. Decologero cannot do frequent lifting.  He cannot lift 20 pounds.  He cannot carry objects weighing up to 10 pounds.  Thus, he cannot perform this "light occupation."

       With regard to the wages The Hartford claims shows that Mr. Decologero was working when he should not have been, the wages Mr. Decologero received from Two Essex Street Inc. in 2000 were for Mr. Decologero's work at the restaurant, Tony D's Italian Steakhouse ("Tony D's"), prior to his injury on May 17, 2000.  Two Essex Street Inc. owns Tony D's restaurant and was Mr. Decologero's employer.

       With regard to his position at Two Essex Street Inc., Mr. Decologero was not a shareholder and received no income from the corporation except in his capacity as an employee of Tony D's as discussed above.  Two Essex Street Inc. was owned by his brother Joseph and Ray Doane.  Mr. Decologero was to be an owner but could not afford to invest in the corporation. While corporate documents list Mr. Decologero as the Treasurer and a Director, he did not know he continued in those capacities after the initial filing.  He was told and he believed that he had been removed as an officer and director after he did not invest.  Therefore, he believed that he did not hold those positions when he stated that he did not.  He does not have the corporate documents you seek regarding Two Essex Street Inc. and he does not have the authority to obtain them.  The owners' information is as follows: Raymond Doane, 47 Cragie Street, Somerville, MA   02143 and Joseph Decologero, 253 Lexington Street, Woburn, MA 01801.  Mr. Decologero will try to assist The Hartford in obtaining any additional information about Two Essex Street, Inc. that he can provide.  Please let me know what more, if anything, The Hartford would like him to do in this regard.

Veronica Carpenter
Hartford Life Insurance Company
November 16, 2001
Page 3

      Regarding Mr. Decologero's working for J.L. Marshall & Sons, Inc., Mr. Decologero had been out of work all summer due to his injuries and he wanted to try to return to work. Tony D's was closed at that time while work was being done on the building and the lease was being renegotiated. (In fact, Tony D's closed and as far as Mr. Decologero knows, Two Essex Street Inc. was not involved in anything else.) Mr. Decologero had a good friend who worked at J.L. Marshall & Sons, Inc. who said Mr. Decologero could try to work. Mr. Decologero told them he could not lift but they said they had light work involving driving a pickup truck around the site. After Mr. Decologero started, the duties assigned to him changed and he could not do the work so he had to stop. Mr. Decologero's attempt to return to work ended because there was no work at the construction site that he could do. There was not a general lack of work. J.L. Marshall & Sons, Inc. was involved in a major construction project that continued for a long period of time after Mr. Decologero's time there. This is a big company and the term "lack of work" is a catchall used by them. If Mr. Decologero could have performed duties that involved lifting, carrying, bending, etc., he could have remained employed at J.L. Marsh & Sons, Inc.

      After his return to work failed, Mr. Decologero called The Hartford and spoke with Derek Breen, his contact there. He told Mr. Breen about this failed attempt to work and Mr. Breen told him that so long as he had not worked thirty (30) days or more, his benefits would not be affected. Thus, Mr. Decologero was under the impression that this failed attempt to return to work did not constitute "working." He did not disclose it after that because he did not even think about it.

      The Hartford also claims that Mr. Decologero was under surveillance on June 29 and 30, 2001 and on videotape during that time. The Hartford contends that Mr. Decologero was observed engaging in motions and actions that were inconsistent with his claim of injuries/disability. Mr. Decologero disputes that the person who was under surveillance and videotaped was him. Mr. Decologero has an identical twin brother. His brother owns a Ford pickup truck. His brother was often at Mr. Decologero's house and would sometimes drive the van to run errands. It is Mr. Decologero's position that the person who was driving, walking, lifting and bending while under surveillance and on videotape must be his twin brother. Enclosed is a copy of a photograph taken of Mr. Decologero and his brother taken on October 20, 2001 which shows that they look the same.

      The Hartford has requested Mr. Decologero's personal tax records for 1997 and 1998 well before his May 2000 injury. I do not believe that these are relevant and we will not provide them unless and until you can provide me with information as to why they are relevant.

Veronica Carpenter
Hartford Life Insurance Company
November 16, 2001
Page 4



     Mr. Decologero does not have any additional medical information to submit at this time and relies upon this submissions by his doctors, Dr. Weinstein and Dr. Kapasi, and his MRI that is objective evidence of his shoulder injury.

     Mr. Decologero has been injured and is disabled under the term so his policy. He cannot work and has not worked other than his failed attempt to return to work (for which he should be commended). His MRI provides substantiation of his injury and his inability to work. The information the Hartford has relied on to terminate his benefits is inaccurate and faulty with regard to the surveillance, the videotape, his involvement with Two Essex Street Inc. and the assertion that he "worked" since his injury occurred.

     For all of the above reasons, The Hartford should reverse its decision to terminate Mr. Decologero's benefits.

                                  Sincerely,


                                  Cheri L. Crow, Esq.

Enc.