**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| WILLIAM DECOLOGERO, | ) | |
| | ) | |
| Plaintiff/Defendant in Counterclaim, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO: 11613 REK |
| HARTFORD LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Plaintiff in Counterclaim. | ) | |

## HARTFORD LIFE'S MOTION FOR LEAVE TO FILE A REPLY BRIEF

### ORAL HEARING REQUESTED

Hartford Life Insurance Company ("Hartford Life") respectfully seeks leave to file a Reply Brief in response to William Decologero's Opposition to Hartford Life's Motion for Reconsideration.

As grounds for this Motion, Hartford Life states the following (which are set forth in more detail in the attached Reply Brief, attached hereto as Exhibit "A", which would be filed should the Court allow this Motion). This Court Denied Hartford Life's Motion to Extend the Tracking Order based on Mr. Decologero's attorney's representation that she allegedly had sent Hartford Life a letter on November 16, 2001, in which she claims she disclosed to Hartford Life the existence of Mr. Decologero's alleged twin brother. Such alleged letter was never received by Hartford Life. The information set forth in the November 16, 2001 letter seems to address some of the issues that are essential to Hartford Life's Counterclaims against Mr. Decologero. Had these issues been disclosed

in 2001, as Attorney Crow alleges, why would Attorney Crow assume that Hartford Life "had refused to consider the contents of the November 28, 2001 [sic] letter"?[1] Why would Attorney Crow wait <u>four</u> years, without an explanation as to what had happened, and without following up, to at least ensure that these very important issues raised in the phantom November 16, 2001 letter[2] had come to Hartford Life's attention? Why not raise these issues before she filed Mr. Decologero's Complaint on August 2, 2005? Why assume that Hartford Life has the only letter that ever mentioned Mr. Decologero's principal factual defense, despite the fact that neither Hartford Life nor Mr. Decologero ever mentioned it in any other correspondence or pleading for the last 5 ½ years since it was allegedly sent? If this letter truly existed in 2001 and disclosed an alleged twin brother, and if the twin brother currently exists as alleged, why would Mr. Decologero fight so hard to prevent his deposition?

The prejudice to Hartford Life here would be extreme, versus a small inconvenience to Mr. Decologero to attend a deposition. These are some very serious issues that must be addressed before this Court rules on Hartford Life's Motion for Reconsideration.

    ***WHEREFORE*** Hartford Life hereby moves this Honorable Court to consider the

---

[1] *See* Affidavit of Attorney Crow in support of William DeCologero's Opposition to Hartford Life's Motion for Reconsideration, paragraph 8 therein.

[2] The alleged November 16, 2001 letter is the last correspondence that Attorney Crow sent Hartford Life before she filed Mr. Decologero's Complaint in August of 2005. *See suppra* Affidavit of Attorney Crow, paragraph 9 therein.

evidence in the attached Reply Brief to Decologero's Opposition.

> For Defendant / Plaintiff in Counterclaim
> Hartford Life Insurance Company,
> By Its attorneys,
>
>
> */s/ James J. Ciapciak*
> James J. Ciapciak BBO # 552328
> Ciapciak & Associates, P.C.
> 99 Access Road
> Norwood, MA 02062
> (781) 255-7401

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on July 20, 2007, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

> */s/ James J. Ciapciak*
> James J. Ciapciak

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on July 20, 2007.

> */s/ James J. Ciapciak*
> James J. Ciapciak