UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM DECOLOGERO, ) | |
| ) | |
| Plaintiff/Defendant in Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO:  11613 REK |
| HARTFORD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Plaintiff in Counterclaim. ) | |
| ) | |

## HARTFORD LIFE'S MOTION FOR LEAVE TO FILE A REPLY BRIEF

## ORAL HEARING REQUESTED

Hartford Life Insurance Company ("Hartford Life") respectfully seeks leave to file a Reply Brief in response to William Decologero's Opposition to Hartford Life's Motion for Reconsideration.

As grounds for this Motion, Hartford Life states the following (which are set forth in more detail in the attached Reply Brief, attached hereto as Exhibit "A", which would be filed should the Court allow this Motion).  This Court Denied Hartford Life's Motion to Extend the Tracking Order based on Mr. Decologero's attorney's representation that she allegedly had sent Hartford Life a letter on November 16, 2001, in which she claims she disclosed to Hartford Life the existence of Mr. Decologero's alleged twin brother. Such alleged letter was never received by Hartford Life.  The information set forth in the November 16, 2001 letter seems to address some of the issues that are essential to Hartford Life's Counterclaims against Mr. Decologero.  Had these issues been disclosed

1

in 2001, as Attorney Crow alleges, why would Attorney Crow assume that Hartford Life "had refused to consider the contents of the November 28, 2001 [sic] letter"?[1] Why would Attorney Crow wait <u>four</u> years, without an explanation as to what had happened, and without following up, to at least ensure that these very important issues raised in the phantom November 16, 2001 letter[2] had come to Hartford Life's attention? Why not raise these issues before she filed Mr. Decologero's Complaint on August 2, 2005? Why assume that Hartford Life has the only letter that ever mentioned Mr. Decologero's principal factual defense, despite the fact that neither Hartford Life nor Mr. Decologero ever mentioned it in any other correspondence or pleading for the last 5 ½ years since it was allegedly sent? If this letter truly existed in 2001 and disclosed an alleged twin brother, and if the twin brother currently exists as alleged, why would Mr. Decologero fight so hard to prevent his deposition?

    The prejudice to Hartford Life here would be extreme, versus a small inconvenience to Mr. Decologero to attend a deposition. These are some very serious issues that must be addressed before this Court rules on Hartford Life's Motion for Reconsideration.

    ***WHEREFORE*** Hartford Life hereby moves this Honorable Court to consider the

---

[1] *See* Affidavit of Attorney Crow in support of William DeCologero's Opposition to Hartford Life's Motion for Reconsideration, paragraph 8 therein.

[2] The alleged November 16, 2001 letter is the last correspondence that Attorney Crow sent Hartford Life before she filed Mr. Decologero's Complaint in August of 2005. *See suppra* Affidavit of Attorney Crow, paragraph 9 therein.

evidence in the attached Reply Brief to Decologero's Opposition.

>For Defendant / Plaintiff in Counterclaim
>Hartford Life Insurance Company,
>By Its attorneys,
>
>*/s/ James J. Ciapciak*
>James J. Ciapciak BBO # 552328
>Ciapciak & Associates, P.C.
>99 Access Road
>Norwood, MA 02062
>(781) 255-7401

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on July 20, 2007, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

>*/s/ James J. Ciapciak*
>James J. Ciapciak

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on July 20, 2007.

>*/s/ James J. Ciapciak*
>James J. Ciapciak

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM DECOLOGERO, ) | |
| ) | |
| Plaintiff/Defendant in Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO:  11613 REK |
| HARTFORD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Plaintiff in Counterclaim. ) | |
| ) | |

**HARTFORD LIFE'S REPLY TO DECOLOGERO'S
OPPOSITION TO MOTION FOR RECONSIDERATION**

**ORAL HEARING REQUESTED**

Hartford Life Insurance Company ("Hartford Life") respectfully submits this Reply in response to William Decologero's Opposition to Hartford Life's Motion for Reconsideration. The grounds for this Reply are simple and straightforward. Assuming, for the sake of this argument, that the November 16, 2001 letter was, in fact, sent in November of 2001 (of which Hartford Life is unconvinced and respectfully requests a hearing with witnesses to determine its truth), there is no dispute that Hartford Life's Counsel was not aware of Mr. Decologero's twin brother and did not become aware of the November 16, 2001 letter until July 5, 2007, when Attorney Crow filed her Opposition to Hartford Life's Motion to Extend the Tracking Order.[1] In light of the very important disclosures made at Mr. Decologero's Deposition and in the November 16,

---

[1] *See* Affidavit of Attorney Crow in support of her Opposition to the Motion to Reconsideration, paragraph 33 therein.

1

2001 letter, justice requires that Hartford Life be afforded an opportunity to complete discovery. There will be no undue prejudice to William Decologero should the Tracking Order be extended an additional 60 days, yet Hartford Life will suffer great prejudice if this discovery is denied.

## STATEMENT OF RELEVANT FACTS

In her Opposition, Attorney Crow claims that the November 16, 2001 letter was a "follow-up submission on behalf of Mr. Decologero". *See* <u>Opposition to Hartford Life's Motion for Reconsideration</u>, page 3, footnote 3 therein. Further, Attorney Crow states that she "believed that the Hartford had essentially denied [her] request for an enlargement of time to appeal and that it had refused to consider the contents of the November 28, 2001 [sic] letter as a "late" submission." *See* <u>Affidavit of Attorney Crow in Support of the Opposition</u>, paragraph 8 therein. *This statement is very unclear and confusing*. First of all, <u>there was no November 28, 2001 letter from Attorney Crow to Hartford</u>. By this statement, Attorney Crow appears to be referring to her alleged November 16, 2001 letter. Second, Hartford Life acknowledged Attorney Crow's request for an "enlargement of time through November 20, 2001 to provide written submission supporting Mr. Decologero's appeal". *See* <u>Letter from Hartford Life, dated November 28, 2001</u>, attached as Exhibit "D" to <u>Affidavit of Attorney Crow</u>, first paragraph therein. It is somewhat disingenuous for Attorney Crow to now contend that she believed that Hartford had "essentially denied [her] request for an enlargement of time" when, in fact, Hartford had expressly acknowledged her request for enlargement of time to appeal through November 20, 2001. Further, the November 28, 2001 letter from Hartford Life,

receipt of which is acknowledged by Attorney Crow (*see* <u>Affidavit of Attorney Crow</u>, paragraph 7 therein) clearly stated that:

> Review of the surveillance videos performed on 06/29/01 and 06/30/01 revealed that Mr. DeCologero was able to drive, open and close the van door with his left hand arm, turn his upper body and neck, walking without any assistive device or observed difficulty, bending, lifting chairs, using both hands and arms above the shoulders without any observed outward pain or limitation. Mr. DeCologero's functionality is contradictory to his subjective complaints regarding his physical abilities.

*See* <u>Letter from Hartford Life, dated November 28, 2001</u>, attached as Exhibit "D" to <u>Affidavit of Attorney Crow</u>, page 3, second paragraph therein. In addition to it not being referenced in the letter at all, Hartford Life's statement above is <u>clear</u> evidence that it had not received the alleged November 16, 2001 letter, which purportedly explained away the surveillance video by disclosing a twin brother. Yet, Attorney Crow never followed up to correct the Record. Rather, Attorney Crow ceased all correspondence with Hartford Life until she filed her Complaint four years later, on August 2, 2005. *See* <u>Affidavit of Attorney Crow</u>, paragraph 9 therein.

The alleged November 16, 2001 letter, *inter alia*, seems to address 1) Mr. Decologero's disability; 2) Mr. Decologero's job description; 3) Mr. Decologero's employment during his alleged disability; and 4) Mr. Decologero's alleged twin brother. *See* <u>Letter from Attorney Crow, dated November 16, 2001</u>, attached as Exhibit "C" to <u>Affidavit of Attorney Crow</u>. Hartford Life's Counsel became aware <u>for the first time</u> of <u>each</u> of these issues at Mr. Decologero's Deposition. *See* <u>Affidavit of Attorney Ciapciak in Support of the Motion for Reconsideration</u>, paragraph 20 therein. All these issues are essential to Hartford Life's claims against Mr. Decologero. Yet all these issues were addressed only once in the alleged November 16, 2001 letter, which for some reason

3

never made it to Hartford Life and was never discussed or referred to by Mr. Decologero or his counsel in any letter, e-mail or pleading for the last 5 ½ years.

Mr. Decologero's deposition took place outside of the discovery deadline as a consequence of Attorney Crow's representation that she could not reach her client and her numerous representations that Mr. Decologero was having a very difficult time dealing with his wife's terminal illness. *See* Affidavit of Attorney Crow, paragraph 20 therein. Hartford Life tried to accommodate Mr. Decologero's needs. Hartford Life acted in good faith.

Upon learning of Mr. Decologero's alleged twin brother and in light of numerous courteous extensions allowed to Mr. Decologero, Hartford Life contacted Attorney Crow to seek assent to an extension on the discovery deadline so that it could investigate the statements made for the first time at Mr. Decologero's deposition. Attorney Crow refused to assent and, in turn, filed an Opposition to Hartford Life's Motion to Extend the Tracking Order. *See* Affidavit of Attorney Crow, paragraph 24 therein. In support of her Opposition, Attorney Crow introduced the alleged letter dated November 16, 2001. *See* Decologero's Opposition to Motion to Extend the Tracking Order. This was the first time that counsel for Hartford Life became aware of the November 16, 2001 letter. *See* Affidavit of Attorney Ciapciak in Support of the Motion for Reconsideration, paragraph 8 therein.

In light of the Opposition, again in good faith, Hartford Life inquired whether Attorney Crow would be filing a Motion to Quash the deposition of Mr. Decologero's alleged twin brother. *See* Affidavit of Attorney Crow, paragraph 25 therein. Without following the procedure required by Local Rule 7.1, as she admits in her Opposition to

4

the Motion for Reconsideration, (*see* page 5, paragraph 3 therein), Attorney Crow filed an Emergency Motion to Quash Joseph Decologero's Deposition.

Again, acting in good faith, Hartford Life agreed (as Attorney Crow admits) to continue Joseph Decologero's Deposition until a ruling on the Motion to Extend the Tracking Order had been issued in consideration for Attorney Crow's withdrawal of her Motion to Quash. Id. at page 6. Yet the Motion to Quash was not withdrawn. At all times Hartford Life acted in good faith and now is being punished for extending professional and moral courtesies to Mr. Decologero.

## ARGUMENT

In light of the very important disclosures made at Mr. Decologero's Deposition and in the November 16, 2001 letter, justice requires an opportunity for Hartford Life to complete discovery as to these newly revealed material facts. There will be no undue prejudice to William Decologero should the Tracking Order be extended an additional 60 days.

It is very strange and almost impossible to be coincidental that : 1) Mr. Decologero's entire defense in this action was allegedly addressed by Attorney Crow in November of 2001; 2) the only piece of documentation where these issues were addressed is the alleged November 16, 2001 letter from Attorney Crow; 3) Hartford Life did not receive this very important piece of evidence and yet, the letter was never returned to Attorney Crow; 4) Attorney Crow assumed that Hartford Life had received the letter but had simply disregarded it; 5) the November 16, 2001 letter was the last correspondence from Attorney Crow to Hartford Life regarding Mr. Decologero's alleged disability; 6) Attorney Crow waited almost four years after she allegedly sent the

5

November 16, 2001 letter to file her Complaint on August 2, 2005; and finally 7) this letter was first disclosed to Hartford Life's counsel only after the deposition of Mr. Decologero, which had taken place outside of the discovery deadline as requested by Attorney Crow, in an effort to accommodate Mr. Decologero.  What is even stranger and unexplainable is Attorney Crow's refusal to assent to an extension of the discovery deadline when the issues that Hartford Life seeks to investigate, if true as stated in the November 16, 2001, may shed significant light as to Mr. Decologero's liability pertaining to Hartford Life's claims against him.

 "Fed. R. Civ. P. 26(b)(i) generally permits liberal discovery of relevant information." *See* Beals v. General Motors Corp., 1989 U.S. Dist. LEXIS 18336 (D. Mass. 1989). "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."  *See* Seattle Times Co. v. Rhinehart, 467 U.S. 29, 34 (U.S. 1984).  The standard of allowing additional discovery is merely nonfrivolousness.  *See* Wayte v. United States, 470 U.S. 598, 625 (U.S. 1985).  "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Seattle Times Co., 467 U.S. at 30.

      Since discovery is liberally construed for the purpose of assisting in the preparation for trial or settlement of the litigated disputes, and in the instant case there is no evidence that would remotely suggests that Hartford Life's request for extension of the discovery deadline is frivolous, Hartford Life must be allowed an opportunity to complete discovery.  The issues that were allegedly addressed in the November 16, 2001 letter are extremely relevant to Hartford Life's claims, thus, justice requires that Hartford Life be allowed an opportunity to fully investigate those issues.

**CONCLUSION**

For the foregoing reasons, Hartford Life requests that this Court:

a) Allow Hartford Life's Motion for Reconsideration;

b) Reconsider this Court's Order Denying Hartford Life's Motion to Extend the Tracking Order;

c) Allow Hartford Life 60 days to complete discovery;

d) Set a Hearing Date to address Attorney Crow's representations with regard to the alleged November 16, 2001 letter; and

e) If the Court finds that the letter was never disclosed, issue sanctions under Rule 37.

The proposed request is not unreasonable, is in the interest of justice and will not cause undue prejudice to Mr. Decologero.

For Defendant / Plaintiff in Counterclaim
Hartford Life Insurance Company,
By Its attorneys,


*/s/ James J. Ciapciak*
James J. Ciapciak BBO # 552328
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401


**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on July 20, 2007.

*/s/ James J. Ciapciak*
James J. Ciapciak