UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:05-cv-11613

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
WILLIAM DECOLOGERO,                              \*
    Plaintiff/Defendant in Counterclaim  \*
                                          \*
v.                                               \*
                                          \*
HARTFORD LIFE INSURANCE                          \*
    COMPANY,                              \*
    Defendant/Plaintiff in Counterclaim   \*
                                          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF WILLIAM DECOLOGERO'S REPLY TO DEFENDANT'S LIMITED
OPPOSITION TO MOTION FOR PRETRIAL CONFERENCE

Plaintiff/Defendant in Counterclaim William Decologero (hereinafter "Mr. Decologero") hereby replies to Defendant/Plaintiff in Counterclaim Hartford Life Insurance Company's ("Hartford") limited opposition to the Motion for Pretrial Conference as follows:

Hartford seeks to file a dispositive motion for summary judgment prior to the scheduling of a pretrial conference in this matter. This Court issued a Scheduling Order on December 11, 2006. That Scheduling Order set the deadline for the filing of dispositive motions as July 1, 2007. On June 29, 2007, Hartford filed a motion to extend the Scheduling Order by sixty (60) days. The Court denied this motion as well as Hartford's motion for reconsideration. Since the Court has already considered Hartford's motion to extend the Scheduling Order, Hartford's current motion should be denied.

In addition, it has been 7 ½ months since the deadline for filing dispositive motions has passed without any action by Hartford. It is only now, in response to a request for a pretrial conference, that Hartford is seeking this extension. This motion to extend should be denied based on Hartford's delay in seeking it.

Most importantly, this is not a case which can be resolved through dispositive motions. The matter to be tried at this time is Hartford's counterclaim against Mr. Decologero seeking repayment of disability benefits paid to Mr. Decolgero by Hartford based upon Hartford's assertion that Mr. Decologero was not disabled. The case will be decided based upon a question of fact, whether Mr. Decologero was disabled or not. Thus, the Court should deny Hartford's motion since it will merely delay the inevitable, a trial on the merits.

    Plaintiff
    William Decologero
    By his Attorney

    /s/   *Cheri L. Crow*
    _____
    Cheri L. Crow, Esq.
    BBO#106830
    Law Office of Cheri L. Crow
    Two Main Street, Suite 300
    Stoneham, MA   02180
    (781) 438-6400
    chericrow@attorneycrow.org

CERTIFICATE OF SERVICE

    I, Cheri L. Crow, Esq., counsel for Plaintiff/Defendant in Counterclaim William Decologero, hereby certify that this document filed through the ECF system will be sent electronically on this 15th day of February 2008 to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 31, 2006.

                James Ciapciak, Esq.
              Ciapciak & Associates, P.C.
                   99 Access Road
                 Norwood, MA   02062

                                          /s/ *Cheri L. Crow*
                                          _____
                                          Cheri L. Crow, Esq.