**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WILLIAM DECOLOGERO,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE<br>COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO:  11613 REK** |

**DEFENDANT, HARTFORD LIFE INSURANCE COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S APPEAL**

Hartford Life Insurance Company ("Hartford Life") hereby respectfully moves this

Honorable Court to Dismiss Plaintiff's Appeal.  The grounds for this motion are simple (but are

set forth below in more detail):  Plaintiff missed the deadline for filing his appeal challenging

whether the Court properly entered Judgment for Hartford Life because Plaintiff missed the

deadline for filing his initial lawsuit under the applicable statute of limitations.  In other words,

he missed the appellate deadline to contest whether missing the statute of limitation's deadline

was proper grounds for judgment against him.  Decologero's Notice of Appeal was untimely

pursuant to F.R.A.P. 4(a)(1)(A) based upon the following:

1.      On May 13, 2008, a "Parties Agreed-To Stipulation to Dismiss Without

Prejudice" ("Stipulation of Dismissal") was filed with this Court whereby the parties agreed and

stipulated to, in part, that Hartford Life's "counterclaims against Mr. DeCologero would be

dismissed *without* prejudice to re-file those claims pending the results on appeal." [See Docket No. 56, Stipulation of Dismissal Parties Agreed-To Stipulate to Dismiss Without Prejudice].

2.      On **May 19, 2008**, the Court entered a transaction regarding Judge Richard G. Stearns electronic endorsement regarding his "Approv[al]" of the Stipulation of Dismissal, Docket No. 56.  It was also noted on the electronic endorsement that, "The Clerk will close the case. (Flaherty, Elaine)." [See first May 19, 2008, Electronic Endorsement].

3.      On May 19, 2008, Clerk Flaherty's filed an electronic notice stating, "Civil Case Terminated."  There was also a notation that stated "**WARNING: CASE CLOSED on 5/19/08**."

4.      F.R.A.P. 4(a)(1)(A) states, in relevant part, that "the notice of appeal required by Rule 3 **must be filed** with the district clerk within 30 days after the judgment or order appealed from is entered." (Emphasis added).  Pursuant to F.R.A.P. 4(a)(1)(A), Plaintiff's Notice of Appeal must have been filed by June 18, 2008.

5.      At approximately 5:15 p.m. on June 20, 2008, Plaintiff filed an untimely Notice of Appeal.  [See Docket No. 57, Plaintiff's Notice of Appeal].

6.      Hartford Life respectfully seeks Plaintiff's Appeal be dismissed as a matter of law as untimely pursuant to F.R.A.P. 4(a)(1)(A), as he missed the 30 day timeframe within which to file his Notice of Appeal by two days.

WHEREFORE, Hartford Life Insurance Company, respectfully moves this Honorable Court to Dismiss Plaintiff's Appeal on the grounds that his Notice of Appeal was untimely

pursuant to F.R.A.P. 4(a)(1)(A).

Respectfully submitted by,
HARTFORD LIFE INSURANCE
COMPANY,
By Its Attorney,


  /s/ James J. Ciapciak
James J. Ciapciak, BBO #: 552328
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7401


## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on June 23rd, 2008 and June 24th, 2008, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).



  /s/ James J. Ciapciak
James J. Ciapciak


## CERTIFICATE OF SERVICE

I, James J. Ciapciak, hereby certify that this document filed through the ECF system will be sent electronically on this 24th day of June 2008 to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants:

Cheri L. Crow, Esquire
Two Main Street
Suite 300
Stoneham, MA 02180

  /s/ James J. Ciapciak
James J. Ciapciak


F:/JJC/DeCologero/Pleadings/MotDismissAppeal.doc