UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:05-cv-11613

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                            \*
WILLIAM DECOLOGERO,                         \*
    Plaintiff/Defendant in Counterclaim  \*
                                            \*
v.                                          \*
                                            \*
HARTFORD LIFE INSURANCE                     \*
    COMPANY,                                \*
    Defendant/Plaintiff in Counterclaim  \*
                                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF WILLIAM DECOLOGERO'S MOTION FOR RETROACTIVE
EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, Plaintiff William Decologero (hereinafter "Mr. Decologero") hereby moves that this Court grant him a retroactive extension of time to file his notice of appeal two days late in the above action.

In support thereof, Mr. Decologero states that final judgment in this action was entered on May 19, 2008. On June 20, 2008, counsel for Mr. Decologero filed a Notice of Appeal with the district court. Rule 4(a)(1) required that the notice be filed by June 18, 2008, two (2) days earlier.

Mr. Decologero requests that the Court use its discretion to extend the time for Mr. Decologero to file his notice of appeal for two (2) additional days for the following reasons. This motion is being filed within thirty (30) days of the time prescribed for the filing a notice of appeal by Rule 4(a)(1) as required by Rule 4(a)(5)(A)(i) for the Court to

grant the motion. There is good cause for granting the motion and there was excusable neglect by Mr. Decologero's counsel as required by Rule 4(a)(5)(A)(ii).

By empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," it was plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness. See *Pioneer Investment Services v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 388 (1993). "Excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Id.* at 394. In determining whether a neglect will be considered "excusable", the Court can take into account the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* at 395.

In the present situation, Mr. Decologero's counsel misdiaried the date for filing in her calendar. See Affidavit of Cheri L. Crow, Esq. ("Crow Affidavit") ¶¶ 5-6. Counsel did not intentionally flout the court's deadline. Crow Affidavit ¶ 9. It was a careless mistake.

Defendant will not be prejudiced by granting this motion since the deadlines going forward will only be two (2) days later than they otherwise would have been if the notice of appeal had been timely filed. The delay was only two (2) days and will have no potential impact on the judicial proceedings.

For all of the above reasons, Mr. Decologero requests the Court retroactively grant him a two (2) day extension of time to file his notice of appeal through June 20, 2008.

Even if the Court does not consider there to be excusable neglect, there is good cause for the Court to allow the appeal to be filed late.  The failure of Mr. Decologero's counsel to attend to his legal needs in a diligent and timely fashion should not be charged against him.  See *Doyle v. Shubs*, 721 F. Supp. 379, 382 (D. Mass. 1989).  Mr. Decologero had previously filed a timely notice of appeal in this case but the Appeals Court ruled that the judgment was not a final judgment and rejected the notice of appeal.  See Crow Affidavit ¶¶ 7, 11.  See Court Docket.  The issue being appealed at this time is the same issue that he was appealing in his previous appeal.  Crow Affidavit ¶ 11.  Mr. Decologero will be irreparably harmed if the notice of appeal is not allowed to be filed late as he will lose his chance to have his appeal heard and the possibility of having his claims decided by the Court.  As such, there is good cause for this Court to allow this motion.

For all of the above reasons, Mr. Decologero requests the Court allow his motion.

                Respectfully submitted,

                Plaintiff William Decologero
                By his Attorney

                /s/  *Cheri L. Crow*
                _____

                Cheri L. Crow, Esq.
                BBO#106830
                Law Office of Cheri L. Crow
                Two Main Street, Suite 300
                Stoneham, MA   02180
                (781) 438-6400
                chericrow@attorneycrow.org

Local Rule 7.1(A)(2) CERTIFICATION

      I hereby certify that on July 2, 2008, I contacted Defendant's counsel and spoke to his associate. We conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

                                          /s/ *Cheri L. Crow*

                                          _____
                                          Cheri L. Crow, Esq.

CERTIFICATE OF SERVICE

      I, Cheri L. Crow, Esq., counsel for Plaintiff/Defendant in Counterclaim William Decologero, hereby certify that this document filed through the ECF system will be sent electronically on this 2nd day of July 2008 to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                            James Ciapciak, Esq.
                          Ciapciak & Associates, P.C.
                                99 Access Road
                              Norwood, MA   02062

                                          /s/ *Cheri L. Crow*

                                          _____
                                          Cheri L. Crow, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:05-cv-11613

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                               \*
WILLIAM DECOLOGERO,               \*
       Plaintiff/Defendant in Counterclaim  \*
                                               \*
v.                                              \*
                                               \*
HARTFORD LIFE INSURANCE     \*
       COMPANY,                       \*
       Defendant/Plaintiff in Counterclaim  \*
                                               \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF CHERI L. CROW, ESQ.

I, Cheri L. Crow, do hereby state that the following is true and accurate to the best of my knowledge:

1. I am counsel for Plaintiff/Defendant in Counterclaim William Decologero in this matter.

2. I received the Court's notice of the entry of final judgment in the above action on May 19, 2008.

3. At this time I had just been retained to represent four (4) defendants in a complex civil matter in which a complaint and a motion for a preliminary injunction had just been filed with a hearing on the motion for injunction being held on May 21, 2008. A second hearing was held on May 22, 2008.

4. During this time I diaried the time to file the notice of appeal in this matter.

5. I intended to diary the filing for Friday, June 13, 2008 which would have been five (5) days before the filing deadline.

6. I mistakenly diaried the filing for Friday, June 20, 2008.

7. I did not file the notice of appeal immediately upon receiving the final judgment because I had previously filed a notice of appeal in this case in May 2006 and had

      paid the filing fee at that time. I wanted to allow myself time to inquire of the court how the matter of the fee should be handled for this appeal.

8.     I filed the notice of appeal on Friday, June 20, 2008 as I had diaried and was unaware that it was not timely until opposing counsel called me on Monday, June 23, 2008 for a conference.

9.     I take the rules of the courts very seriously and I did not intentionally flout the time deadline for filing the notice of appeal.

10.    I sincerely apologize to the Court for my failure to ensure that my actions were timely.

11.    The appeal that Plaintiff is attempting to pursue at this time is the same appeal for which Plaintiff filed a timely notice of appeal in May 2006.

Signed under the pains and penalties of perjury this 2nd day of July 2008.

/s/ *Cheri L. Crow*
_____
Cheri L. Crow, Esq. BBO#106830
Law Office of Cheri L. Crow
Two Main Street, Suite 300
Stoneham, MA   02180
(781) 438-6400
chericrow@attorneycrow.org

CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., counsel for Plaintiff/Defendant in Counterclaim William Decologero, hereby certify that this document filed through the ECF system will be sent on July 2, 2008 electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

James Ciapciak, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA   02062

/s/ *Cheri L. Crow*
_____
Cheri L. Crow, Esq.