UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DECOLOGERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO:  11613 REK |
| HARTFORD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**HARTFORD LIFE'S OPPOSITION AND MOTION TO STRIKE PLAINTIFF'S
MOTION FOR RETROACTIVE EXTENSION OF TIME TO FILE APPEAL AND
MOTION FOR AN ORDER ON MOTION TO DISMISS APPEAL**

Hartford Life Insurance Company ("Hartford Life") hereby respectfully opposes Plaintiff's Retroactive Motion for Extension of Time ("Motion") and moves this Honorable Court to Strike Plaintiff's Motion and issue Judgment in favor of Hartford Life by Dismissing Plaintiff's Appeal.  A copy of the proposed Judgment is attached hereto for the Court's ease of reference.  See Exhibit "A".

As set forth in more detail in Hartford Life's Motion to Dismiss Plaintiff's Appeal, the reasons for this Motion are simple:  Plaintiff missed the deadline for filing an appeal challenging whether the Court properly entered Judgment for Hartford Life because Plaintiff missed the deadline for filing his initial lawsuit under the applicable statute of limitations.  In other words, Plaintiff missed the appellate deadline to contest whether missing the statute of limitation's deadline was proper grounds for the Court's Judgment against him.  By filing a Motion for

1

Retroactive Extension of Time to File a Notice of Appeal, after having missed every vital deadline to date, Plaintiff is making a mockery of the judicial process.

## ARGUMENT

In support of his contention that there is "good cause" for Plaintiff's failure to timely file a one page Notice of Appeal, Plaintiff made two arguments: 1.) Plaintiff's failure to comply with the Federal Rules of Appellate Procedure "was the result of excusable neglect" in that Plaintiff failed, **again**, to bring a claim in a timely manner because of a mistake to diary the date that the Notice of Appeal was due; and 2.) "[t]he failure of [Plaintiff]'s counsel to attend to his [client's] needs in a diligent and timely fashion should not be charged against [Plaintiff ]. Plaintiff's Motion for Retroactive Extension of Time to File Notice of Appeal at 3.

In support of his arguments, Plaintiff relies on two cases that are in conflict with each other. The first case, Pioneer Investment Services v. Brunswick Assoc. Ltd., is a United States Supreme Court Case, which interprets the language of Bankruptcy Rule 9006(b)(1) to determine whether the failure of creditors' attorney to file a Proof of Claim within the deadline set by Bankruptcy Court may constitute "excusable neglect". 507 U.S. 380 (1993). Although the Pioneer case does not address a late filing of a one page Notice of Appeal, interestingly enough, it does address the fact that "clients must be held accountable for the acts and omissions of their attorneys**."** Id. at 396 citing Link v. Wabash R. Co., 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) (finding **no** merit to the contention that dismissal of a petitioner's claim because of counsel's conduct imposes an unjust penalty on a client)(emphasis added); United States v. Boyle, 469 U.S. 241, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985)(a client will be held accountable for the acts and omissions of their chosen counsel). The Pioneer case, by itself, eliminates Plaintiff's second argument, in that a party **must** be held accountable for the acts and omissions

2

of their chosen attorney.  *Cf.*  Plaintiff's Motion for Retroactive Extension of Time to File Notice of Appeal, at 3, citing Doyle v. Shubs, 721 F. Supp. 379 (D.Mass. 1989).

F.R.A.P. 4(a)(1)(A) clearly states that "the notice of appeal required by Rule 3 **must be filed** with the district clerk within 30 days after the judgment or order appealed from is entered" and Plaintiff has presented no persuasive authority or good cause for failing to file the one page Notice of Appeal in a timely matter, and thus Plaintiff's Motion for Retroactive Extension of Time to File Notice of Appeal fails, and his Motion must be denied.  Further, it is undisputed that Plaintiff did not file a Notice of Appeal within the time permitted by Federal Rule of Appellate Procedure, Rule 4(a)(1).  See Hartford Life's Motion to Dismiss the Appeal; see also Plaintiff's Motion for Retroactive Extension of Time to File Notice of Appeal, at 1.  Since Plaintiff admits that he did not file the Notice of Appeal by the June 18, 2008 deadline, Plaintiff has waived his right of Appeal and Judgment Dismissing Plaintiff's Appeal must issue as a matter of law.

WHEREFORE, Hartford Life Insurance Company, respectfully requests that this Honorable Court Strike or Deny Plaintiff's Motion for Retroactive Extension of Time to File Notice of Appeal and issue Judgment in favor of Hartford Life and Dismiss Plaintiff's Appeal.

    Respectfully submitted by,

    HARTFORD LIFE INSURANCE
    COMPANY,
    By Its Attorney,

      /s/ James J. Ciapciak_____
    James J. Ciapciak, BBO #: 552328
    CIAPCIAK & ASSOCIATES, P.C.
    99 Access Road
    Norwood, MA  02062
    Tel:  (781) 255-7401
    Fax:  (781) 255-7401

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on <u>July 8,</u> 2008, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

<u>    /s/ James J. Ciapciak   </u><br>
James J. Ciapciak

## CERTIFICATE OF SERVICE

I, James J. Ciapciak, hereby certify that this document filed through the ECF system will be sent electronically on this 28th day of July 2008 to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants:

Cheri L. Crow, Esquire<br>
Two Main Street<br>
Suite 300<br>
Stoneham, MA 02180

<u>   /s/ James J. Ciapciak         </u>
James J. Ciapciak

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DECOLOGERO,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )  CIVIL ACTION NO:  11613 REK<br>HARTFORD LIFE INSURANCE  )<br>COMPANY,  )<br>  )<br>Defendant.  )<br>  ) | |

**FINAL JUDGMENT AND ORDER**

Upon consideration for Hartford Life Insurance Company's Motion to Dismiss the Appeal, this Court finds that a Notice of Appeal was not filed within the timeframe set forth by the Federal Rules of Appellate Procedure, Rule 4(a)(1), therefore **IT IS HEREBY ORDERED** that William Decologero's Appeal is Dismissed with Prejudice and this case is hereby closed.

Dated this __ day of _____, 2008.

_____
Richard G. Stearns
United States District Judge

1