UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11613-RGS

WILLIAM DECOLOGERO

v.

HARTFORD LIFE INSURANCE COMPANY

ORDER ON PLAINTIFF'S MOTION FOR
RETROACTIVE EXTENSION OF TIME
TO FILE NOTICE OF APPEAL

July 21, 2008

STEARNS, D.J.

On June 20, 2008, counsel for plaintiff William Decologero filed a Notice of Appeal (Notice) with the district court.  On June 24, 2008 Defendant Hartford Life Insurance Company (Hartford) filed a motion to dismiss the Notice as untimely.  Fed. R. App. P. 4(a)(1)(A) requires that the Notice be filed with the Clerk within 30 days after the judgment or order appealed from is entered.  Final judgment in this action was entered on May 19, 2008.  Accordingly, the Notice was to be filed by June 18, 2008.  Thereafter, on July 2, 2008, Decologero filed a motion seeking a two-day retroactive enlargement of the time in which to file the Notice.  See Fed. R. App. P. 4(a)(5).  Subsequently, on July 8, 2008, Hartford filed an opposition and a Motion to Strike Plaintiff's Request for an Extension as well as a Motion for an Order dismissing the appeal.

Under Fed. R. App. P. 4(a)(5)(A)(ii), the district court may extend the time to file a notice of appeal if the moving party shows excusable neglect or good cause.  In support of the motion to enlarge the time for filing the Notice, Decologero offers an affidavit from his

counsel, Cheri L. Crow, who avers that she misdiaried the date in her calendar. Decologero argues that an innocent lapse by counsel should not be charged against him.

While the court is sympathetic, attorney negligence does not meet the excusable neglect or good cause standard. "[C]lients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 394 (1993), citing Link v. Wabash R. Co., 370 U.S. 626, 633 (1962) (finding "no merit to the contention that dismissal of a petitioner's claim because of counsel's conduct imposes an unjust penalty on a client"). See United States v. Boyle, 496 U.S. 241 (1985) (a client will be held accountable for the acts and omissions of chosen counsel); Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993) (same). It is well established that attorney confusion over filing dates does not constitute excusable neglect. See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003).

As there is no basis for a finding of excusable neglect or good cause, the Notice of Appeal is stricken and the appeal is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE